Davis W. FORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–99–0390–CR.

Court of Appeals of Texas, Amarillo.

May 8, 2000.

Rehearing Overruled July 7, 2000.

Joe Marr Wilson, Law Offices of Joe Marr Wilson, Amarillo, for appellant.

Pamela Wolek, Asst. City Atty., Amarillo, for appellee.

---

Before BOYD, C.J., QUINN and JOHNSON, JJ.

BRIAN QUINN, Justice.

Davis W. Ford (appellant) appeals from an order dismissing his appeal from the Municipal Court for the City of Amarillo (Municipal Court) to the County Court at Law No. 2 of Potter County (County Court). Appellant's sole issue concerns whether the County Court erred in dismissing his appeal because he did not receive notice of the Municipal Court's decision denying his motion for new trial. Because he did not receive such notice, he was allegedly denied his right to appeal under article 44.02 of the Texas Code of Criminal Procedure.[1] We affirm.

### Background

Appellant was tried for the crime of assault by contact. A jury found him guilty of the offense, and the Municipal Court entered judgment on that verdict. Thereafter, appellant timely moved for new trial on November 1, 1996. Four days later, the Municipal Court denied the motion by written order. Allegedly, appellant did not receive notice of the court's decision to deny the motion. Nevertheless, he attempted to perfect an appeal to the County Court by tendering a notice of appeal on November 27, 1996.

In August of 1999, the County Court convened a hearing to determine whether it had jurisdiction to entertain the appeal. The State argued that it did not because the notice of appeal was filed more than ten days after the Municipal Court denied the motion for new trial. The County Court agreed and dismissed the appeal for

1. Article 44.02 states that a "defendant in any criminal action has a right to appeal...." Tex.Code Crim. Proc. Ann. art. 44.02 (Vernon 1979). No one disputes that the extent of that right is controlled by the provisions of the Texas Government Code pertaining to municipal courts.

want of jurisdiction. It is from the latter order that this appeal arose.

### Issue

As previously mentioned, appellant contends that the court erred in dismissing the appeal because he did not receive notice of the order denying his motion for new trial. We disagree.

One attempting to appeal from a final order of a municipal court does so by first moving for new trial and then filing a notice of appeal within ten days of the date on which the motion for new trial is overruled. Tex. Gov't Code Ann. § 30.533(d) & (e) (Vernon 1988).[2] Next, there are two ways in which the motion for new trial can be overruled. One is by action of the court and the other by inaction. That is, unless the trial court acts upon the motion within 30 days of the date on which it is filed, it is overruled by operation of law. Id. at § 30.533(d).

At bar, the Municipal Court overruled the motion for new trial on November 5, 1996. However, appellant did not file his notice of appeal within ten days of November 5th; rather, he did not do so until November 27th. The notice, having been filed outside the ten day period, was untimely and insufficient to vest the County Court with jurisdiction to entertain the appeal.

That appellant did not know of the Municipal Court's November 5th order does not affect our decision. The time within which appellant had to perfect his appeal was, and is, not contingent upon his obtaining notice of the Municipal Court's action *vis* his motion for new trial. Such a contingency appears nowhere in section 30.533 and, being absent, we lack the au-

2. Since the date on which appellant attempted to appeal to the County Court, section 30.533(d) and (e) of the Texas Government Code has been renumbered and slightly modified. Now, the substance of those two sections can be found at section 30.00014(c) and (d) of that Code. But, because the appeal at bar was attempted in 1996, the Code provisions existing in 1996 control.

thority to rewrite the provision by including it therein.

 One convicted of a crime has no common law or constitutional right to appeal. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App.1992). Instead, his right to appeal is nothing more than a creature of statute. *Id.* And, to the extent that the legislature has created such a right, one hoping to invoke it must abide by the statutory requirements creating it. If he does not, then we lack the authority to ignore or rewrite those legislative mandates. So, because section 30.533 says nothing about a prospective appellant first receiving notice of the court's decision overruling his motion for new trial, we cannot amend the statute to include that contingency.[3]

Nor do we find persuasive the argument that the notice would have been timely if the motion had been overruled by operation of law. This is so because section 30.533(e) states that the time period begins to run "when the motion for new trial is overruled." It does not say "overruled *solely* by operation of law" or "overruled by order or by operation of law *which ever is later.*" Thus, affording the words of section 30.533(e) their plain meaning, *see Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App.1991) (holding that in construing a statute the words contained therein must be afforded their plain meaning), we conclude that if the motion is expressly overruled then the notice must be filed within ten days of the date on which it is expressly overruled. If it is overruled by operation of law, then the notice must be filed within ten days from the date it is overruled by operation of law.

Given that appellant did not timely perfect his appeal, he was not improperly denied any right to appeal allowed under article 44.02 of the Texas Code of Criminal Procedure. Accordingly, we affirm the order entered by the County Court dismissing the appeal for want of jurisdiction.

---

3. While the result may seem harsh, it is not new to American jurisprudence. For many years, our brethren on the federal bench have indicated that one caring to appeal has the obligation to unilaterally monitor the dates upon which appealable orders are entered. *Alamo Chemical Trans. Co. v. M/V Overseas Valdes*, 726 F.2d 1073, 1074–75 (5th Cir. 1984).