Betty PRESTON, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 13–03–00616–CR to
13–03–00619–CR.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Aug. 12, 2004.

Betty Preston, Houston, pro se.

Ronald J. Beylotte, Chief Prosecutor, Anthony W. Hall, Jr., City Attorney, Bonita Carol Tolbert, Asst. City Atty., Houston, for Appellee.

Before Chief Justice VALDEZ and Justices HINOJOSA and CASTILLO.

## OPINION

Opinion by Justice HINOJOSA.

These are appeals from a municipal court of record. See Tex. Gov't Code Ann. ch. 30, subch. A (Vernon 2004). The Municipal Court Number Two of the City of Houston found appellant, Betty Preston, guilty of the following offenses: (1) failure

to display a valid Texas driver's license;[1] (2) use of an expired license number plate;[2] (3) failure to establish financial responsibility;[3] and (4) use of an invalid inspection sticker.[4] The municipal court assessed the following punishment: (1) a $100 fine for the failure to display a valid driver's license; (2) a $50 fine for the use of an expired license number plate; (3) a $175 fine for the failure to establish financial responsibility; (3) and a $50 fine for the use of an invalid inspection sticker. Preston appealed to the county criminal court at law of Harris County. Sitting as an appellate court, County Criminal Court at Law Number Eleven of Harris County affirmed Preston's convictions. She now appeals from the judgments of the county criminal court at law.[5]

Unless the sole issue is the constitutionality of the statute or ordinance on which the conviction is based, we only have jurisdiction over such an appeal from a county criminal court at law if (1) the fine assessed against appellant exceeds $100 and (2) if the judgment is affirmed by the appellate court. TEX.CODE CRIM. PROC. ANN. art. 4.03 (Vernon Supp.2004); TEX. GOV'T CODE ANN. § 30.00027(a) (Vernon 2004).

### A. CAUSE NUMBERS 13–03–00616–CR, 13–03–00617–CR, and 13–03–00619–CR

■ In cause numbers 13–03–00616–CR, 13–03–00617–CR, and 13–03–00619–

CR, the fines assessed do not exceed $100 and the county criminal court at law affirmed the three judgments of the municipal court. Thus, we have jurisdiction over these three cases only if the issue before us is the constitutionality of the statute or ordinance on which the conviction is based.

Because Preston did not challenge the constitutionality of the statutes or ordinances on which these convictions are based in the brief she filed in the county criminal court at law, we conclude we have no jurisdiction over the appeals in these three cases. Accordingly, we dismiss the appeals in cause numbers 13–03–00616–CR, 13–03–00617–CR, and 13–03–00619–CR for want of jurisdiction.

### B. CAUSE NUMBERS 13–03–00618–CR

■ In cause number 13–03–00618–CR, the fine assessed by the municipal court exceeds $100 and the county criminal court at law affirmed the judgment. Thus, we have jurisdiction to review appellant's conviction for failure to establish financial responsibility.

The record reflects that the county criminal court at law affirmed the municipal court conviction in this case because appellant failed to provide either an agreed statement of facts, an agreed statement of the case, or a reporter's record. We re-

---

1. Municipal court cause number 05428305–6–5; county criminal court at law appeal number 5386; court of appeals cause number 13–03–00616–CR.

2. Municipal court cause number 05248305–6–6; county criminal court at law appeal number 5387; court of appeals cause number 13–03–00617–CR.

3. Municipal court cause number 05428305–6–7; county criminal court at law appeal number 5388; court of appeals cause number 13–03–00618–CR.

4. Municipal court cause number 05428306–5–8; county criminal court at law appeal number 5389; court of appeals cause number 13–03–00619–CR.

5. On appeal to the county criminal court at law, review was limited to the basis of the errors as set forth in Preston's motion for new trial and in the transcript and statement of facts prepared from the proceedings leading to the convictions on appeal. An appeal from a municipal court of record may not be by trial de novo. *See* TEX.CODE CRIM. PROC. ANN. art. 45.042(b) (Vernon Supp.2004); TEX. GOV'T CODE ANN. § 30.00014(b) (Vernon 2004).

view only those issues appellant raised before the reviewing county criminal court at law. *See* TEX. GOV'T CODE ANN. § 30.00027 (Vernon 2004) (the record and briefs on appeal in the county court at law constitute the record and briefs on appeal to the court of appeals).

The record shows that appellant failed to bring forward a statement of facts.[6] Without a statement of facts, a reviewing court cannot determine whether a trial court erred. The record on appeal from a municipal court conviction must conform substantially to the provisions governing appellate records under the appellate rules and the Code of Criminal Procedure. TEX. GOV'T CODE ANN. § 30.00016 (Vernon 2004). In a municipal court of record, a court reporter is not required to record testimony in a case unless the judge or one of the parties requests a record. TEX. GOV'T CODE ANN. § 30.00010(c) (Vernon 2004). We do not know whether appellant requested that the proceedings be recorded or whether appellant requested a statement of facts for appeal, although the record before us suggests that no statement of facts exists. Further, appellant has failed to file an agreed statement of facts or statement of the case. *See* TEX.R.APP. P. 34.2, 34.3.

Because appellant has failed to file a complete record, and the record before us does not demonstrate error requiring review in the interest of justice, we affirm the judgment of the county criminal court at law in cause number 13–03–00618–CR.

---

6. The appellate rules now refer to the "clerk's record" (formerly known as the "transcript") and the "reporter's record" (formerly known as the "statement of facts"). *See* TEX.R.APP. P. 34.5 and 34.6. However, chapter 30 of the government code continues to use the terms "transcript" and "statement of facts." *See* TEX. GOV'T CODE ANN. §§ 30.00017, 30.00019 (Vernon 2004). For purposes of this opinion, we will use the government code terms.