IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00148-CR

No. 10-06-00149-CR

 

Daniel Lee Schinzing,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the County Court at Law No.
1

Johnson County, Texas

Trial Court Nos T200501480 and
T200501481

 



MEMORANDUM  Opinion



 

          Daniel Lee Schinzing was convicted in
municipal court of two charges of failure to appear.  See Tex. Pen. Code Ann. § 38.10(a), (e)
(Vernon 2003).  He appealed to the statutory county court where he was again
convicted following a trial de novo before the court.  The court assessed
Schinzing’s punishment at a $100 fine in each case.  Schinzing claims in his
sole issue in each appeal that these convictions are improper because he was
not charged by indictment or information.

          Article 4.03 of the Code of Criminal
Procedure provides in pertinent part that this Court does not have jurisdiction
in such a case if the fine imposed by the statutory county court “does not
exceed one hundred dollars, unless the sole issue is the constitutionality of
the statute or ordinance on which the conviction is based.”  Tex. Code Crim. Proc. Ann. art. 4.03 (Vernon
2005).

          The fines imposed in these cases do
not exceed $100 and Schinzing is not challenging the constitutionality of
section 38.10 of the Penal Code, on which his convictions are based. 
Therefore, we dismiss these appeals for want of jurisdiction.[1] 
See Preston v. State, 145 S.W.3d 683, 684 (Tex. App.—Corpus Christi 2004,
no pet.); Boyd v. State, 11 S.W.3d 324, 325 (Tex. App.—Houston [14th
Dist.] 1999, no pet.).

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Appeals dismissed

Opinion delivered and
filed May 2, 2007

Do not publish

[CR25]

 

 









[1]
          Schinzing’s appeals in cause
nos. 10-06-146-CR and 10-06-147-CR remain pending because the fines in those
cases exceed $100.








issues: (1) the district court
erred in denying his petition for expunction; (2) the district court erred in holding an ex-parte
hearing on his petition for expunction; (3) he was given ineffective assistance of counsel; (4) the
district court erred in allowing petitioner to proceed pro se; (5) the district court erred in ruling
on his petition for expunction rather than his “Petition for Writ of Error Coram Nobis.” Because
Fox only perfected an appeal of the February 28, 1998 order, we only address the issues arising
out of that hearing. Therefore, we address only the issues one, three, and four.DISCUSSION
      Fox first argues that the trial court erred in denying his petition for expunction. “The right
to expunction is neither a constitutional nor common-law right, but rather a statutory privilege.” 
In re Wilson, 932 S.W.2d 263, 265 (Tex. App.—El Paso 1996, no writ). Expunction is a civil
proceeding in which the petitioner bears the burden of proof on all statutory conditions of
expunction. See id at 266; Ex parte Scott, 818 S.W.2d 226, 227 (Tex. App.—Corpus Christi
1991, no writ). At the hearing on his petition for expunction, Fox did not proffer any evidence. 
Therefore, Fox failed to meet his burden of proof under the expunction statute. Consequently,
we affirm the court in its denial of Fox’s petition for expunction.
      Fox next argues that he was denied effective assistance of counsel at the expunction hearing. 
The Sixth Amendment to the United States Constitution states that, “In all criminal prosecutions,
the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence [sic].” U.S.
Const. amend. VI. However, this right to counsel does not apply to civil actions unless a party
may be deprived of his liberty as a result of such proceeding. See Ex parte Gonzales, 945 S.W.2d
830, 836 (Tex. Crim. App. 1997)(“We also note that ‘the right to counsel turns on whether
deprivation of liberty may result from a proceeding, not upon its characterization as “criminal”
or “civil.”’” (quoting Ex parte Strickland, 724 S.W.2d 132, 134 (Tex. App.—Eastland 1987, no
writ)). Since an expunction proceeding is not a proceeding which could result in Fox being
deprived of his liberty, Fox does not have a right to representation by counsel in that proceeding. 
Consequently, he has no right to effective representation by counsel. Therefore, we overrule issue
number three.
      In his fourth issue, Fox argues that the court erred in allowing him to proceed pro se. 
However, he cites no authority, and we can find none, that would restrict a court from allowing
him to proceed pro se. If Fox felt that he was prejudiced by proceeding pro se, he could have
requested a continuance. However, he chose not to exercise this option. Therefore, we hold that
the court did not err in allowing Fox appear pro se at the expunction hearing. 
      In summary, we conclude that because Fox cannot be deprived of his liberty as a result of an
expunction hearing, he has no constitutional right to have counsel provided. Consequently, Fox
has no constitutional right to effective assistance of counsel at the hearing on his petition for
expunction. In addition, we conclude that the court was not restricted from allowing Fox to
proceed pro se, and that Fox voluntarily made a decision to proceed pro se after discussion of
other options with counsel. Finally, we conclude that the court did not err in denying Fox’s
petition for expunction. For all of these reasons, we affirm the court’s decision below. 
 
                                                                       BOBBY L. CUMMINGS
                                                                       Justice

Before Chief Justice Davis,
       Justice Cummings, and
       Justice Vance
Affirmed
Opinion delivered and filed December 16, 1998
Do not publish