# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-07-00060-CR
NO. 03-07-00061-CR
NO. 03-07-00062-CR
NO. 03-07-00063-CR
NO. 03-07-00064-CR

**A. Nicholas Alexander, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY**
**NOS. 720965, 720966, 720967, 720968 & 720969**
**HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING**

## O P I N I O N

We decide here that a person convicted in a municipal court of record and fined $100 or less, and whose conviction is affirmed by the county court at law, may not appeal to this Court to challenge the constitutionality of the ordinance on which his conviction was based. We reach this conclusion after carefully considering the statutes regulating this Court's subject-matter jurisdiction and the right to invoke that jurisdiction.

In each of these causes, appellant A. Nicholas Alexander was convicted in the City of Austin Municipal Court for violating the city's smoking ordinance and fined $100. He appealed the convictions on the record to the Travis County Court at Law No. 1. Among other things, appellant contended that under the circumstances presented, the application of the ordinance to him

violated the Texas Constitution's prohibition against ex post facto laws. *See* Tex. Const. art. I, § 16. The county court at law affirmed the convictions, and appellant then gave notice of appeal to this Court. We conclude that appellant does not have a right of appeal to this Court and will dismiss the appeals.

## *Discussion*

### *1. Appeals from inferior courts to county courts*

A person convicted of an offense in a municipal or justice of the peace court may appeal that conviction to a county court or county court at law. Tex. Code Crim. Proc. Ann. art. 44.02 (West 2006) (municipal courts and justice of the peace courts); Tex. Gov't Code Ann. § 30.00014(a) (West Supp. 2006) (municipal courts of record). As a general rule, the appeal from the inferior court to the county court is by trial de novo. Tex. Code Crim. Proc. Ann. arts. 44.17, 45.042(b) (West 2006). But in an appeal from a municipal court of record, the county court may not retry the case; instead, it must determine the appeal on the basis of the errors shown in the municipal court record. *Id*. arts. 44.17, 45.042(b); Tex. Gov't Code Ann. § 30.00014(b). The county court then affirms, reverses, or reforms the municipal court's judgment. Tex. Gov't Code Ann. § 30.00024(a) (West Supp. 2006).

### *2. Appeals following trial de novo in county court*

If a defendant is convicted following a trial de novo in county court, he may appeal that conviction to the court of appeals. Tex. Code Crim. Proc. Ann. art. 44.02. This right of appeal is subject, however, to a limitation placed on the jurisdiction of the courts of appeals by the code of criminal procedure. Acting pursuant to its constitutional authority to regulate the jurisdiction of the

courts of appeals, the legislature has provided that the courts of appeals "shall have appellate jurisdiction coextensive with the limits of their respective districts in all criminal cases except those in which the death penalty has been assessed." Tex. Code Crim. Proc. Ann. art. 4.03 (West 2005); *see* Tex. Const. art. V, § 6. Having thus conferred broad jurisdiction to hear criminal appeals in all non-death penalty cases, article 4.03 goes on to impose this restriction:

> This Article shall not be so construed as to embrace any case which has been appealed from any inferior court to the county court, the county criminal court, or county court at law, in which the fine imposed by the county court, the county criminal court or county court at law does not exceed one hundred dollars, unless the sole issue is the constitutionality of the statute or ordinance on which the conviction is based.

Tex. Code Crim. Proc. Ann. art. 4.03. It is important to note that this jurisdictional restriction—and the constitutional issue exception to the restriction—applies only when the fine imposed *by the county court* does not exceed $100, that is, when the appeal from the inferior court to the county court is by trial de novo.

### 3. Appeals following affirmance on the record in county court

A defendant may also appeal to a court of appeals if he is convicted in a municipal court of record and that conviction is affirmed by the county court. Tex. Gov't Code Ann. § 30.00027(a) (West 2004). Although article 4.03 places no restriction on a court of appeals's jurisdiction in such cases, section 30.00027(a) permits an appeal to a court of appeals only if "the fine assessed against the defendant [in municipal court] exceeds $100 and the judgment is affirmed" by the county court. *Id*. There is no exception for appeals of constitutional issues. *See id*.

3

Several courts of appeals, including this Court in an unpublished opinion, have expressly or impliedly construed article 4.03 to give a defendant convicted in a municipal court of record and fined $100 or less the right to appeal to the court of appeals if the sole issue is the constitutionality of the statute or ordinance on which the conviction is based. *See Preston v. State*, 145 S.W.3d 683, 684 (Tex. App.—Corpus Christi 2004, no pet.); *Boyd v. State*, 11 S.W.3d 324, 325 (Tex. App.—Houston [14th Dist.] 1999, no pet.); *Lopez v. State*, 649 S.W.2d 165, 166 (Tex. App.—El Paso 1983, no pet.); *Preston v. State*, No. 01-03-00480-CR, 2003 Tex. App. LEXIS 8322, at *3-4 (Tex. App.—Houston [1st Dist.] Sept. 25, 2003, no pet.) (mem. op., not designated for publication); *Tannehill v. State*, No. 03-97-00208-CV, 1997 Tex. App. LEXIS 3462, at *3 (Tex. App.—Austin July 3, 1997, writ ref'd) (not designated for publication). After reconsidering the matter, we conclude that these opinions err by failing to recognize the distinction between the appellate jurisdiction of the courts of appeals (which is prescribed by article 4.03) and the defendant's right to invoke that jurisdiction (which in cases originating in a municipal court of record is determined by section 30.00027).[1]

### *Conclusion*

Because the jurisdiction of the courts of appeals is defined as it is by article 4.03, an appeal to a court of appeals from a trial de novo in county court is available when the sole issue is the constitutionality of the statute or ordinance on which the conviction is based or when the fine imposed by the county court exceeds $100. *See Ex parte Brand*, 822 S.W.2d 636, 638 n.3 (Tex.

---

[1] The distinction between appellate jurisdiction and a defendant's right of appeal is not unique to appeals from municipal courts of record. For example, a defendant who enters a bargained guilty plea has only a limited right of appeal despite the broad grant of appellate jurisdiction found in article 4.03. *See* Tex. R. App. P. 25.2(a)(2).

Crim. App. 1992). Because the defendant's right of appeal is defined as it is by section 30.00027(a), an appeal to a court of appeals following an affirmance on the record in county court is available only if the fine imposed in the municipal court exceeds $100. *See id*. Thus, because of the unusual interplay between the statute defining the jurisdiction of the courts of appeals and the statutes defining a defendant's right to invoke that jurisdiction, a person who is convicted in a trial de novo in county court and fined $100 or less for violating what he believes is an unconstitutional statute or ordinance may take his constitutional issue to a court of appeals, but a person convicted in a municipal court of record and fined $100 or less cannot appeal a constitutional issue past the county court.

We do not know if this distinction between cases that originate in municipal courts of record and cases that originate in municipal courts without record or justice of the peace courts was intended by the legislature or is merely an accident of statutory history.[2] It may very well be that when it amended article 4.03 in 1981, the legislature believed that the amendment would permit constitutional issues to be raised in the courts of appeals in all cases appealed from an inferior court to a county court and not merely in those appealed by trial de novo. But the best evidence of the

---

[2] As enacted in 1965, article 4.03 defined the jurisdiction of the court of criminal appeals and excluded from the court's jurisdiction those cases appealed from an inferior court to the county court in which the fine imposed by the county court did not exceed $100. *See* Code of Criminal Procedure, 59th Leg., R.S., ch. 722, § 1, art. 4.03, 1965 Tex. Gen. Laws, vol. 2, at 317, 329-30. Our research indicates that the first municipal court of record was created in 1969. *See* Act of Apr. 1, 1969, 61st Leg., R.S., ch. 762, § 1, 1969 Tex. Gen. Laws 2255. Because all appeals from inferior courts to the county court were by trial de novo when article 4.03 was originally enacted, it is understandable why the jurisdictional restriction was worded as it was. The constitutional issue exception to this jurisdictional limitation was added in 1981, when article 4.03 was amended to define the criminal jurisdiction of the courts of appeals. *See* Act of May 31, 1981, 67th Leg., R.S., ch. 291, § 102, 1981 Tex. Gen. Laws 761, 802.

collective intent of the legislators is the statutory text. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). Article 4.03 is clear and unambiguous, as is section 30.00027(a). Even if one questions the result as a matter of policy, applying the plain language of the statutes does not lead to an absurd result that the legislature could not possibly have intended. *Id.* The legislature may have intended the distinction it has drawn regarding the right of persons convicted of minor offenses to appeal the constitutionality of the statute or ordinance violated. Moreover, our reading of the plain language of the statutes is consistent with that of the court of criminal appeals in *Brand*. 822 S.W.2d at 638 n.3. Although we find ourselves bound to dismiss these appeals, we invite the legislature to revisit this issue and amend section 30.00027(a) to permit appeals of constitutional issues without regard to the amount of the fine.

In these causes, the fines assessed by the municipal court of record do not exceed $100. For this reason, section 30.00027(a) does not grant appellant a right of appeal to this Court, even to challenge the constitutionality of the ordinance he was found guilty of violating. Because our jurisdiction has not been properly invoked, the appeals are dismissed.

_____

Diane Henson, Justice

Before Chief Justice Law, Justices Puryear and Henson

Dismissed for Want of Jurisdiction

Filed: July 18, 2007

Publish

6