[A1] 
 
 
 
 
 
 
                                                
COURT OF 
APPEALS
                                                 
SECOND DISTRICT OF TEXAS
                                                                
FORT WORTH
 
 
                                                 
NO. 2-10-024-CR
 
 
DARREN SWAIN                                                                                
APPELLANT
 
                                                             
V.
 
THE STATE OF 
TEXAS                                                                             
STATE
 
                                                       
------------
 
          
FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY
 
                                                       
------------
 
                                      
MEMORANDUM 
OPINION[1]
 
                                                       
------------
In 
July 2008, a jury convicted Appellant Darren Swain in a municipal court of 
record of itinerant vending without a license, and the trial court assessed a 
fine against him in the amount of $550.  
After the trial court denied Swain=s 
motion for new trial, he appealed to the county criminal court.  See Tex. Gov=t 
Code Ann. ' 30.00014(a) 
(Vernon Supp. 2009).  On November 3, 
2009, the county criminal court delivered a written opinion affirming the 
municipal court=s 
judgment.  See id. 
' 30.00024(a)(1), 
(c).  On November 19, 2009, Swain 
filed a AMotion 
for Rehearing or, in the Alternative, Motion for New Trial.@[2]  On January 20, 2010, seventy-eight days 
after the county criminal court had affirmed the municipal court=s 
judgment, Swain filed his notice of appeal from the county criminal 
court=s 
judgment.  See id. 
' 30.00027(a) 
(Vernon 2004).
The 
State filed a motion to dismiss Swain=s 
appeal.[3]  It argues that Swain failed to timely 
perfect this appeal because (1) under rule of appellate procedure 
26.2(a)(1), he did not file his notice of appeal within thirty days of the 
county criminal court=s 
judgment affirming the municipal court=s 
judgment and (2) even though Swain filed a motion for new trial after the 
county criminal court had affirmed the municipal court=s 
judgment, rule 26.2(a)(2)=s 
ninety-day deadline for filing a notice of appeal when a motion for new trial is 
filed does not apply in this case because Swain was convicted after a jury trial 
in a municipal court of record and thereafter appealed to the county criminal 
court, which did not conduct a trial de novo.  According to the State, rule 26.2(a)(2) 
does Anot 
apply to an appeal from a municipal court of record to a county court, and then 
to a court of appeals.@  Therefore, A[t]here 
is no reason for [Swain] to file a motion for new trial at the county level 
since the trial was held in the municipal court.@  We agree with the 
State.
A 
person convicted of an offense in a municipal court of record may appeal that 
conviction to a county criminal court.  
Id. ' 30.00014(a).  The county criminal court may not retry 
the case; instead, it must determine the appeal on the basis of the errors shown 
in the municipal court record.  
Id. ' 30.00014(b) 
(AAn 
appeal from the municipal court of record may not be by trial 
de novo.@) 
(emphasis added).  The county 
criminal court may affirm, reverse, or reform the municipal court=s 
judgment.  Id. ' 30.00024(a); 
Alexander v. State, 240 S.W.3d 72, 74 (Tex. App.CAustin 
2007, no pet.).  The defendant may 
then appeal to the court of appeals if the county criminal court affirms the 
municipal court=s 
judgment and if the fine assessed against the defendant exceeds $100.  Tex. Gov=t 
Code Ann. ' 30.00027(a).
Under 
rule of appellate procedure 26.2(a)(1), a defendant=s 
notice of appeal must be filed within thirty days after the court enters an 
appealable order.  Tex. R. App. P. 
26.2(a)(1); see Garza v. State, Nos. 14-06-00595-CR, 14-06-00596-CR, 2006 
WL 2075147, at *1 (Tex. App.CHouston 
[14th Dist.] July 27, 2006, no pet.) (mem. op., not designated for publication); 
Croes v. State, No. 14-06-00361-CR, 2006 WL 1458485, at *1 (Tex. 
App.CHouston 
[14th Dist.] May 25, 2006, no pet.) (mem. op., not designated for publication); 
Sharp v. State, No. 05-04-00022-CR, 2004 WL 60770, at *1 (Tex. 
App.CDallas 
Jan. 14, 2004, no pet.) (not designated for publication); see also Tex. 
Gov=t 
Code Ann. ' 30.00023(b) 
(Vernon 2004) (AThe 
appellate courts may make and enforce all rules of practice and procedure that 
are not inconsistent with law and that are necessary to expedite the dispatch of 
appeals from the municipal courts of record.@).  Rule 26.2(a)(2) provides that a notice 
of appeal must be filed Awithin 
90 days after the day sentence is imposed or suspended in open court if the 
defendant timely files a motion for new trial.@  Tex. R. App. P. 26.2(a)(2).  A notice of appeal that complies with 
the requirements of rule 26 is essential to vest the court of appeals with 
jurisdiction.  Slaton v. 
State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  Without a timely filed notice of appeal, 
we lack jurisdiction over the appeal.  
Id.
Here, 
Swain filed his notice of appeal seventy-eight days after the county criminal 
court had affirmed the municipal court=s 
judgment.  Because Swain did not 
file the notice of appeal within thirty days of the county criminal 
court=s 
judgment, we lack jurisdiction over this appeal unless rule 26.2(a)(2) applies 
to extend the deadline for filing the notice of appeal.  See id.
It 
is well established that the granting or denying of a motion for new trial lies 
within the discretion of the trial court.  Lewis v. State, 911 S.W.2d 1, 7 
(Tex. Crim. App. 1995).  
AA 
plain reading of [rule of appellate procedure 26.2(a)] reveals that a 
timely-filed motion for new trial can only extend the deadline for filing an 
appeal from the imposition or suspension of a sentence; it cannot extend the 
deadline for filing an appeal from a mere >appealable 
order.=@  Martin v. State, No. 
02-06-00272-CR, 2007 WL 529905, at *1 (Tex. App.CFort 
Worth Feb. 22, 2007, no pet.) (mem. op., not designated for publication); see 
Tex. R. App. P. 26.2(a).
In 
this case, the municipal court of record conducted Swain=s 
jury trial and imposed the $550 fine.  
The county criminal court did not impose or suspend Swain=s 
sentence.  Swain=s 
appeal to the county criminal court was not a trial de novo; instead, the 
county criminal court exercised criminal appellate jurisdiction under government 
code section 30.00014(a).  See 
Tex. Gov=t 
Code Ann. ' 30.00002(1)(A) 
(Vernon 2004) (defining A[a]ppellate 
court@ 
to mean, among other things, the county criminal court), ' 30.00014(a) 
(providing that the county criminal courts have jurisdiction over appeals from a 
municipal court of record), ' 30.00014(b) 
(providing that A[a]n 
appeal from the municipal court of record may not be by trial 
de novo@) 
(emphasis added).  Accordingly, 
Swain=s 
motion for new trial challenging the county criminal court=s 
judgment that affirmed the municipal court=s 
judgment did not operate to extend the deadline for filing the notice of appeal 
under rule 26.2(a)(2).
Swain=s 
notice of appeal was untimely.  
Accordingly, we grant the State=s 
motion to dismiss and dismiss the appeal for want of jurisdiction.  See Tex. R. App. P. 42.3(a), 
43.2(f).
 
PER 
CURIAM
 
PANEL:  MEIER, J.; LIVINGSTON, C.J.; and 
DAUPHINOT, J.
 
PUBLISH
 
DELIVERED:  July 8, 2010




[1]See Tex. R. App. P. 
47.4.

[2]The record does not 
demonstrate that the county criminal court ever ruled on this 
motion.

[3]Swain filed a 
response to the State=s motion to 
dismiss.





 [A1]Opinion 
issued 7-8-2010 Ordered Published 8-12-2010