# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00721-CR

**Frank Andrew Pisz, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CR-10-100039, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury in the City of Lakeway Municipal Court—a municipal court of record—found Frank Andrew Pisz guilty of violating a Lakeway zoning ordinance prohibiting the parking of trailers, mobile homes, or recreational vehicles "on any public right of way or lot (outside of a building)."[1]  The municipal court rendered judgment on the verdict and ordered Pisz to pay a fine of $500, plus court costs.  Pisz attempted to appeal the judgment to the county court at law, timely filing a notice of appeal and posting an appeal bond.  *See* Tex. Gov't Code Ann. §§ 30.00014(d) (West Supp. 2010) (notice of appeal requirement for perfecting appeal from municipal court of record to county court), .00015 (appeal bond requirement); Tex. Code Crim. Proc. Ann. art. 45.0426 (West 2006) (appeal bond requirement).  However, it is undisputed that Pisz failed to satisfy an additional requirement for perfecting his appeal—he did not file a written motion for new trial

---

[1]  Lakeway, Tex., Zoning Ordinance 2003-09-15-1, § 4.01(W) (Sept. 15, 2003).

in the municipal court within ten days after the date on which the judgment was rendered. *See* Tex. Gov't Code Ann. § 30.00014(c). Consequently, the county court at law dismissed Pisz's appeal for want of jurisdiction.

Pisz then filed a notice of appeal to this Court. The State has moved to dismiss Pisz's appeal for want of subject-matter jurisdiction. It emphasizes that the government code grants Pisz a right of appeal to the court of appeals only if his fine exceeds $100 and the judgment is "affirmed" by the county court at law. *See id.* § 30.00027 (West 2004). Here, the State observes, the county court at law did not affirm the municipal court judgment, but dismissed Pisz's appeal for want of jurisdiction.

Pisz responds that he "is not claiming a legal error by the County Court at Law, but lack of due process due to lack of statutory provision for rehearing in the County Court at law." The substance of his contentions is that (1) his previous counsel rendered ineffective assistance by failing to timely file the requisite motion for new trial in the municipal court, and (2) he was deprived of due process by the absence of motion-for-rehearing procedures in the county court at law that would afford him the opportunity to develop a record to support his ineffective-assistance claim. Pisz prays that we remand the case to the municipal court so he can file an out-of-time motion for new trial and, if that motion is denied, allow him to "reopen" his appeal to the county court at law.

In determining the scope of our subject-matter jurisdiction over this proceeding, we begin with the premise that "[a] defendant's right to appeal is granted only by statute." *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2005). To the extent that a statute grants a right to appeal, "one hoping to invoke it must abide by the statutory requirements creating it." *Ford v. State*, 20 S.W.3d 777, 779 (Tex. App.—Amarillo 2000, no pet.). The government code, as noted,

allows an appeal from the municipal court only if the municipal-court conviction has been affirmed by the county court. Tex. Gov't Code Ann. § 30.00027(a). Where, as here, the county court has dismissed the defendant for lack of jurisdiction, we do not have jurisdiction to consider the appeal. *See Texas Vital Care v. State*, 323 S.W.3d 609, 611 (Tex. App.—Texarkana 2010, no pet.) (court of appeals lacked jurisdiction to consider appeal after county court dismissed appeal from municipal court for failure to pay appeal bond); *Jamshedji v. State*, 230 S.W.3d 224, 225 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (court of appeals lacked jurisdiction to entertain appeal after county court dismissed appeal from municipal court for lack of jurisdiction). Consequently, we lack subject-matter jurisdiction to do anything other than dismiss Pisz's appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (explaining that if appeal is not timely perfected, court of appeals does not obtain jurisdiction to address merits of appeal and can take no action other than to dismiss appeal).[2]

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Rose

Dismissed for Want of Jurisdiction

Filed: May 25, 2011

Do Not Publish

---

[2] We express no opinion regarding the potential merits of Pisz's complaints or whether relief might be available through proceedings other than direct appeal.