NOS.
12-10-00263-CR

     
12-10-00264-CR

     
12-10-00265-CR

     
12-10-00266-CR

                  

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

SHIRLEY
CULP NELSON,                              §                 APPEALS FROM THE

APPELLANT

 

V.                                                                         §                 COUNTY
COURT AT LAW #3

 

THE STATE OF TEXAS,

APPELLEE                                                        §                 SMITH
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

            Shirley
Culp Nelson appeals her convictions for four traffic offenses.  In sixteen
issues, Appellant argues that she was not required to obtain a driver’s
license, the evidence does not support her conviction, and there were
procedural irregularities in her trials.  We dismiss these appeals for want of
jurisdiction.

 

Background

            Appellant
was stopped by a police officer in 2006.  The officer wrote her a ticket for
the offenses of operating a vehicle without a driver’s license,[1]
operating a
motor vehicle without meeting financial responsibility requirements,[2] and failure to comply with a
traffic control device.[3]  In
May 2009, Appellant was involved in an accident, and an officer wrote her a
ticket for the offense of operating a vehicle without a driver’s license.  She
was charged by complaint with all four offenses.  

            A
jury trial was held in January 2007 for the 2006 offenses.  The jury found
Appellant guilty.  A bench trial was held in January 2010 on the May 2009
ticket, and the court found Appellant guilty.  Appellant sought to appeal these
cases to the Smith County Court at Law #3.  Sitting as an appellate court, and
after several months of delay, the court found that Appellant had not filed or
caused to be filed a transcript of the municipal court proceedings. 
Accordingly, the court dismissed the appeals and remanded the cases to the
municipal court for enforcement of the judgments.  This appeal followed.

 

Appeal From A Municipal Court of Record

            Appellant
raises sixteen issues.  Specifically, she argues in her brief that her
conviction for failure to have a driver’s license is improper because she is
not required to have a driver’s license, that she established she had the
required proof of financial responsibility, that she lacked intent to commit
the offense of failing to comply with a traffic device, and that the wrong
person signed the complaints against her.[4]
 

Applicable Law

A
person convicted of an offense in a municipal court of record may appeal that
conviction to a county criminal court.  Tex.
Gov’t Code Ann. § 30.00014(a) (Vernon Supp. 2010).  As a prerequisite to
an appeal to the county court, a defendant must file a written motion for new
trial with the municipal clerk not later than the tenth day after the date on
which judgment is rendered.  Tex. Gov’t
Code Ann. § 30.00014(c).  A defendant must also give notice of appeal.  Id.
§ 30.00014(d).  If, as is the case in Smith County, there is no county
criminal court, the county courts at law have jurisdiction of an appeal.  Id.
§ 30.00014(a).  

In
such an appeal, the
county criminal court sits as an appellate court and considers arguments
addressing any errors shown in the municipal court record.  Id. §
30.00014(b) (“An appeal from the municipal court of record may not be by trial
de novo.”); Tex. Code Crim. Proc. Ann. art.
44.17 (Vernon 2006).  The county criminal court may affirm, reverse, or reform
the municipal court’s judgment.  Id. § 30.00024(a) (Vernon Supp.
2010); Alexander v. State, 240 S.W.3d 72, 74 (Tex. App.–Austin
2007, no pet.).  A defendant may appeal to the court of appeals if the county
criminal court affirms the municipal court’s judgment and if the fine assessed
against the defendant exceeds one hundred dollars.  Tex. Gov’t Code Ann. § 30.00027(a) (Vernon 2004).

Analysis

The
right to appeal from a criminal conviction is purely a statutory right.  See
Griffin v. State, 145 S.W.3d 645, 646 (Tex. Crim. App. 2005); Phynes
v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992).  To the extent the
legislature has created a right to appeal, a person invoking that right must
meet any statutory requirements created by the legislature.  See Tex.
Vital Care v. State, 323 S.W.3d 609, 611 (Tex. App.–Texarkana 2010, no
pet.) (quoting Ford v. State, 20 S.W.3d 777, 779 (Tex.
App.–Amarillo 2000, no pet.)). The right to invoke the jurisdiction of this
court in a case originating in a municipal court of record is established by
Section 30.00027, Texas Government Code.  See Alexander v. State,
240 S.W.3d 72, 75 (Tex. App.–Austin 2007, no pet.).  This section limits our
jurisdiction to those cases in which the judgment was affirmed by county court
on appeal.  Tex. Gov’t Code Ann.
§ 30.00027. 

The
county court at law, sitting as an appellate court, did not affirm Appellant’s
conviction.  Accordingly, pursuant to Section 30.00027, we lack jurisdiction to
consider this appeal.  See Jamshedji v. State, 230 S.W.3d 224,
225 (Tex. App.–Houston [14th Dist.] 2006, pet. ref’d); Underwood v. State,
No. 14-06-0073-CR, 2007 Tex. App. LEXIS 4723, at *2 (Tex. App.–Houston [14th
Dist.] June 19, 2007, no pet.) (mem. op., not designated for publication); see
also Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (court
of appeals does not obtain jurisdiction to address merits of appeal unless
appeal is timely perfected and can take no action other than to dismiss
appeal); Sherman v. State, 12 S.W.3d 489, 492 (Tex. App.–Dallas
1999, no pet.).  The court of criminal appeals has held that an appellant may
challenge the dismissal of her appeal.  See Martin v. State, 346
S.W.2d 840, 840-41 (1961).  That principle is inapplicable here because the
issues Appellant raises in her brief pertain to the trial in the municipal court.[5]
 Because we
lack jurisdiction of this appeal, we do not address Appellant’s sixteen issues.

 

Disposition

This
appeal is dismissed for want of jurisdiction.

 

                                                                                    James T. Worthen

                                                                          
               Chief Justice

 

 

 

 

Opinion
delivered June 30, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 












[1] See Tex. Transp. Code Ann. § 521.021
(Vernon 2007).

 





[2] See Tex. Transp. Code Ann. § 601.051 (Vernon
2011).

 





[3] See Tex. Transp. Code Ann. § 544.004 (Vernon 2011).

 





[4]
Appellant raises several other issues relating to the trials in the municipal
court in headings in her brief, but she does not address those issues in the
body of her brief.  





[5] Following
submission of her brief, Appellant filed in this court a supplemental brief in
which she argued that the municipal court abused its discretion in denying her
request for a free copy of the reporter’s record.  This is not a direct attack
on the dismissal of her appeal by the county court at law.  Furthermore,
neither this issue, nor any other, was presented in a motion for new trial,
which is a prerequisite to the county court at law’s jurisdiction of an appeal
from a municipal court of record.  See Tex.
Gov’t Code Ann. § 30.00014(c); Lambert v. State, 908
S.W.2d 53, 54 (Tex. App.–Houston [1st Dist.] 1995, no pet.) (may not raise
issues on appeal not raised in motion for new trial).