# NOS. 12-10-00263-CR
# 12-10-00264-CR
# 12-10-00265-CR
# 12-10-00266-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SHIRLEY CULP NELSON,* *APPELLANT* | § | *APPEALS FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW #3* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Shirley Culp Nelson appeals her convictions for four traffic offenses. In sixteen issues, Appellant argues that she was not required to obtain a driver's license, the evidence does not support her conviction, and there were procedural irregularities in her trials. We dismiss these appeals for want of jurisdiction.

### BACKGROUND

Appellant was stopped by a police officer in 2006. The officer wrote her a ticket for the offenses of operating a vehicle without a driver's license,[1] operating a motor vehicle without meeting financial responsibility requirements,[2] and failure to comply with a traffic control device.[3] In May

---

[1] *See* TEX. TRANSP. CODE ANN. § 521.021 (Vernon 2007).

[2] *See* TEX. TRANSP. CODE ANN. § 601.051 (Vernon 2011).

[3] *See* TEX. TRANSP. CODE ANN. § 544.004 (Vernon 2011).

2009, Appellant was involved in an accident, and an officer wrote her a ticket for the offense of operating a vehicle without a driver's license. She was charged by complaint with all four offenses.

A jury trial was held in January 2007 for the 2006 offenses. The jury found Appellant guilty. A bench trial was held in January 2010 on the May 2009 ticket, and the court found Appellant guilty. Appellant sought to appeal these cases to the Smith County Court at Law #3. Sitting as an appellate court, and after several months of delay, the court found that Appellant had not filed or caused to be filed a transcript of the municipal court proceedings. Accordingly, the court dismissed the appeals and remanded the cases to the municipal court for enforcement of the judgments. This appeal followed.

## APPEAL FROM A MUNICIPAL COURT OF RECORD

Appellant raises sixteen issues. Specifically, she argues in her brief that her conviction for failure to have a driver's license is improper because she is not required to have a driver's license, that she established she had the required proof of financial responsibility, that she lacked intent to commit the offense of failing to comply with a traffic device, and that the wrong person signed the complaints against her.[4]

### Applicable Law

A person convicted of an offense in a municipal court of record may appeal that conviction to a county criminal court. TEX. GOV'T CODE ANN. § 30.00014(a) (Vernon Supp. 2010). As a prerequisite to an appeal to the county court, a defendant must file a written motion for new trial with the municipal clerk not later than the tenth day after the date on which judgment is rendered. TEX. GOV'T CODE ANN. § 30.00014(c). A defendant must also give notice of appeal. *Id.* § 30.00014(d). If, as is the case in Smith County, there is no county criminal court, the county courts at law have jurisdiction of an appeal. *Id.* § 30.00014(a).

In such an appeal, the county criminal court sits as an appellate court and considers arguments addressing any errors shown in the municipal court record. *Id*. § 30.00014(b) ("An appeal from the municipal court of record may not be by trial de novo."); TEX. CODE CRIM. PROC. ANN. art. 44.17 (Vernon 2006). The county criminal court may affirm, reverse, or reform the municipal court's judgment. *Id.* § 30.00024(a) (Vernon Supp. 2010); *Alexander v. State*, 240 S.W.3d 72, 74 (Tex. App.–Austin 2007, no pet.). A defendant may appeal to the court of appeals if the county criminal

---

[4] Appellant raises several other issues relating to the trials in the municipal court in headings in her brief, but she does not address those issues in the body of her brief.

court affirms the municipal court's judgment and if the fine assessed against the defendant exceeds one hundred dollars.   TEX. GOV'T CODE ANN. § 30.00027(a) (Vernon 2004).

## Analysis

The right to appeal from a criminal conviction is purely a statutory right.   *See Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2005); *Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992).   To the extent the legislature has created a right to appeal, a person invoking that right must meet any statutory requirements created by the legislature.   *See Tex. Vital Care v. State*, 323 S.W.3d 609, 611 (Tex. App.–Texarkana 2010, no pet.) (quoting *Ford v. State*, 20 S.W.3d 777, 779 (Tex. App.–Amarillo 2000, no pet.)). The right to invoke the jurisdiction of this court in a case originating in a municipal court of record is established by Section 30.00027, Texas Government Code.   *See Alexander v. State*, 240 S.W.3d 72, 75 (Tex. App.–Austin 2007, no pet.).   This section limits our jurisdiction to those cases in which the judgment was affirmed by county court on appeal.   TEX. GOV'T CODE ANN. § 30.00027.

The county court at law, sitting as an appellate court, did not affirm Appellant's conviction. Accordingly, pursuant to Section 30.00027, we lack jurisdiction to consider this appeal.   *See Jamshedji v. State*, 230 S.W.3d 224, 225 (Tex. App.–Houston [14th Dist.] 2006, pet. ref'd); *Underwood v. State*, No. 14-06-0073-CR, 2007 Tex. App. LEXIS 4723, at *2 (Tex. App.–Houston [14th Dist.] June 19, 2007, no pet.) (mem. op., not designated for publication); *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (court of appeals does not obtain jurisdiction to address merits of appeal unless appeal is timely perfected and can take no action other than to dismiss appeal); *Sherman v. State*, 12 S.W.3d 489, 492 (Tex. App.–Dallas 1999, no pet.).   The court of criminal appeals has held that an appellant may challenge the dismissal of her appeal.   *See Martin v. State*, 346 S.W.2d 840, 840-41 (1961).   That principle is inapplicable here because the issues Appellant raises in her brief pertain to the trial in the municipal court.[5]   Because we lack jurisdiction of this appeal, we do not address Appellant's sixteen issues.

## DISPOSITION

This appeal is *dismissed* for want of jurisdiction.

---

[5] Following submission of her brief, Appellant filed in this court a supplemental brief in which she argued that the municipal court abused its discretion in denying her request for a free copy of the reporter's record.   This is not a direct attack on the dismissal of her appeal by the county court at law.   Furthermore, neither this issue, nor any other, was presented in a motion for new trial, which is a prerequisite to the county court at law's jurisdiction of an appeal from a municipal court of record.   *See* TEX. GOV'T CODE ANN. § 30.00014(c); *Lambert v. State*, 908 S.W.2d 53, 54 (Tex. App.–Houston [1st Dist.] 1995, no pet.) (may not raise issues on appeal not raised in motion for new trial).

**J<span>AMES</span> T. W<span>ORTHEN</span>**
Chief Justice


Opinion delivered June 30, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)