

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00098-CR

_____

DIANA MARIE SABATINE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Fannin County, Texas
Trial Court No. CA-2015-7361

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Diana Marie Sabatine was convicted of speeding by a jury in the City of Bonham Municipal Court, a court of record, and assessed a fine of $200.00. Sabatine filed a notice of appeal to the County Court at Law of Fannin County, which dismissed her appeal, and Sabatine has appealed to this Court. We dismiss her appeal for want of jurisdiction.

A defendant may appeal from a judgment or conviction in a municipal court of record. TEX. GOV'T CODE ANN. § 30.00014(a) (West Supp. 2016). In Fannin County, the proper appellate court is the county court at law. *See id.* In order to perfect an appeal from the municipal court of record to the county court at law, an appellant must (1) file a written motion for new trial setting forth her points of error with the municipal clerk and (2) give notice of appeal to the municipal court of record. TEX. GOV'T CODE ANN. § 30.00014(c), (d) (West Supp. 2016). In this case, Sabatine filed a notice of appeal, but failed to file a motion for new trial with the municipal clerk. If an appellant does not timely file a motion for new trial with the municipal court of record, she fails to invoke the appellate court's jurisdiction. *See Yearwood v. State*, No. 01-06-00800-CR, 2007 WL 1559856, at *2 (Tex. App.—Houston [1st Dist.] May 31, 2007, no pet.) (mem. op., not designated for publication).[1]

We notified Sabatine that we were concerned that this Court may not have jurisdiction over her appeal since it appeared that the county court at law was without jurisdiction. We gave her ten days to file a response showing why the appeal should not be dismissed. In her response, Sabatine

---

[1]Although unpublished cases have no precedential value, we may take guidance from them "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

does not dispute that she failed to file a motion for new trial with the municipal clerk. Rather, she argues that a written motion for new trial is only required in those cases in which the testimony has been recorded and a recording of the testimony is available. Without such a transcript, she argues, it would be impossible to assert all the errors that occurred in the trial court. Sabatine also asserts that no recording was made of the proceedings.[2]

Sabatine points to Section 30.00014(b) of the Texas Government Code and Article 45.042(b) of the Texas Code of Criminal Procedure in support of her argument. Neither of these statutes supports her argument. Section 30.00014(b) provides,

> (b) The appellate court shall determine each appeal from a municipal court of record conviction and each appeal from the state on the basis of the errors that are set forth in the appellant's motion for new trial and that are presented in the clerk's record and reporter's record prepared from the proceedings leading to the conviction or appeal. An appeal from the municipal court of record may not be by trial de novo.

TEX. GOV'T CODE ANN. § 30.00014(b) (West Supp. 2016). Nothing in this section abrogates the necessity of filing a motion for new trial. To the contrary, this section limits the appellate court's consideration on appeal to "the errors that are set forth in the appellant's motion for new trial." *Id.* But, of course, the appellate court may not consider the appeal if the appellant does not perfect the appeal by filing a motion for new trial. *See Yearwood*, 2007 WL 1559856, at \*1.

Regarding appeals from municipal court, Article 45.042 provides that "[u]nless the appeal is taken from a municipal court of record and the appeal is based on error reflected in the record, the trial shall be de novo." TEX. CODE CRIM. PROC. ANN. art. 45.042 (West 2006). Like Section

---

[2]Sabatine made additional arguments in her response that are irrelevant to the jurisdictional argument, which we need not address.

30.00014(b), this statute does not address the requirements to perfect an appeal, but rather the procedure to be followed in the appellate court once the appeal is perfected.

Assuming that the original proceedings were not recorded as Sabatine contends, this would only provide her with an argument at the county court at law that her appeal should be heard de novo. *See id.* However, this does not excuse her from following the statutory requirements to perfect an appeal. If a statute grants a right of appeal, "one hoping to invoke it must abide by the statutory requirements creating it." *Ford v. State*, 20 S.W.3d 777, 779 (Tex. App.—Amarillo 2000, no pet.).

Having failed to perfect her appeal to the county court at law, that court was without jurisdiction, except to dismiss the appeal for want of jurisdiction. *See Yearwood*, 2007 WL 1559856, at *2. If a lower court "lacked jurisdiction, the appellate court has jurisdiction only to set aside any judgment rendered by the [lower] court and to dismiss" the case. *Abbott v. Rankin*, No. 06-07-00149-CV, 2008 WL 5156453, at *1 (Tex. App.—Texarkana Dec. 10, 2008, pet. denied) (mem. op., not designated for publication).

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f).


Bailey C. Moseley
Justice


Date Submitted:     August 3, 2016
Date Decided:       August 19, 2016

Do Not Publish

4