

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00228-CR

HUBERT E. SEATON, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1
Smith County, Texas
Trial Court No. 001-80910-17

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

Herbert Seaton, Jr., was convicted in the City of Tyler Municipal Court of permitting prohibited growth or accumulation.[1]  Seaton appealed that conviction to the County Court at Law No. 1 of Smith County (the CCL).  The CCL, sitting as an appellate court, dismissed Seaton's appeal.

An individual convicted of an offense in a municipal court of record in Texas has the right to appeal that conviction to a county criminal court.  TEX. GOV'T CODE ANN. § 30.00014(a) (Supp.).  If there is no county criminal court in the county of conviction, as is the case in Smith County, then a county court at law has jurisdiction over the appeal.  *Id.*

As the Tyler Court of Appeals has explained,

The right to appeal from a criminal conviction is purely a statutory right.  *See Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2005); *Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992).  To the extent the legislature has created a right to appeal, a person invoking that right must meet any statutory requirements created by the legislature.  *See Tex. Vital Care v. State*, 323 S.W.3d 609, 611 (Tex. App.—Texarkana 2010, no pet.) (quoting *Ford v. State*, 20 S.W.3d 777, 779 (Tex. App.—Amarillo 2000, no pet.)).  The right to invoke the jurisdiction of this court in a case originating in a municipal court of record is established by Section 30.00027, Texas Government Code.  *See Alexander v. State*, 240 S.W.3d 72, 75 (Tex. App.—Austin 2007, no pet.).  This section limits our jurisdiction to those cases in which the judgment was affirmed by [the] county court on appeal.  TEX. GOV'T CODE ANN. § 30.00027.

---

[1]Originally appealed to the Twelfth Court of Appeals in Tyler, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001.  We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

*Nelson v. State*, Nos. 12-10-00263-CR, 12-10-00264-CR, 12-10-00265-CR, 12-10-00266-CR, 2011 WL 2638738, at \*2 (Tex. App.—Tyler June 30, 2011, no pet.) (mem. op., not designated for publication).

As was the case in *Nelson*, the CCL, sitting as an appellate court, did not affirm Seaton's conviction of the matter on appeal here. Consequently, pursuant to Section 30.00027 of the Texas Government Code, it appears that we lack jurisdiction to hear this appeal. *See* TEX. GOV'T CODE ANN. § 30.00027 (Supp.); *Nelson*, 2011 WL 2638738, at \*2.

By letter dated November 5, 2019, we informed Seaton of this jurisdictional issue. In response, Seaton requested an additional ninety days in which to file a substantive response to the jurisdictional issue raised in our letter. In light of the clear jurisdictional defect in this appeal, we deny Seaton's request for additional response time.

Because the CCL did not affirm Seaton's conviction, we do not have jurisdiction over this appeal. *See* TEX. GOV'T CODE ANN. § 30.00027. Consequently, we dismiss the appeal for want of jurisdiction.

Scott E. Stevens
Justice

Date Submitted:    December 4, 2019
Date Decided:    December 5, 2019

Do Not Publish