# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00779-CR

---

**Phillip "Baby Shark" Scott, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM COMAL COUNTY, NO. 202262MAG645991

---

## M E M O R A N D U M   O P I N I O N

On November 16, 2023, Phillip Scott filed a notice of appeal styled against an "Unknown Prosecutor" before an "Unknown Judge" of the 207th Judicial District Court of Comal County. After the notice of appeal was filed, the clerk of this Court sent out a late clerk's record notice to the Comal County District Clerk's Office, which later responded that the case had not been heard in a district court in Comal County. Similarly, this Court received notice from the clerk's office of the Comal County Court at Law stating that the case had not been heard before that court either and further explaining that the trial cause number in the notice of appeal was for a municipal court case. Additionally, the docketing statement prepared by Scott and filed after the notice of appeal indicates that the order being appealed was entered on July 13, 2023, meaning that the notice of appeal filed on November 16, 2023, was filed beyond the deadline for filing a notice of appeal from an appealable order or judgment. *See* Tex. R.

App. P. 26.2. For these reasons, the Court directed the clerk to request that Scott file a response explaining how this Court may exercise jurisdiction over this appeal.

In his response, Scott does not explain why the cause number for the case he is appealing has a municipal court number, whether he appealed the municipal court's ruling, and whether the court to which he appealed issued a final and appealable judgment or order. Although a defendant may appeal a judgment or conviction in a municipal court, the appeal must be heard by a county court or similar court before it may be appealed to this Court. *See* Tex. Code Crim. Proc. arts. 4.08, 45.042 (pertaining to municipal courts); Tex. Gov't Code § 30.00014 (pertaining to municipal courts of record); *see also Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992) (noting that there is no common law or constitutional right to appeal and that right to appeal is purely statutory right); *Ford v. State*, 20 S.W.3d 777, 779 (Tex. App.—Amarillo 2000, no pet.) (explaining that "to the extent that the legislature has created such a right, one hoping to invoke it must abide by the statutory requirements creating it"). Accordingly, to the extent that Scott is seeking to appeal a judgment or order from a municipal court, this Court does not have jurisdiction because nothing in the limited record before us demonstrates that the municipal court judgment or order was appealed to a county court or similar court. *See Holland v. State*, No. 01-17-00273-CR, 2017 WL 3910244, at *1 (Tex. App.—Houston [1st Dist.] Sept. 7, 2017, no pet.) (mem. op., not designated for publication).

Additionally, Scott asserts in his response that the appealable judgment or order was entered by the 207th district court and clarifies that the appealable event occurred on April 13, 2023. As support, Scott attached a printout of cases in which he was a defendant and highlights a case with a different cause number than the one he listed in his notice of appeal and in his response that has an entry for an event occurring on April 13, 2023. To the extent that

2

Scott is seeking to appeal a ruling from that date, the deadline for filing a notice of appeal expired months before Scott filed a notice of appeal in this case. *See* Tex. R. App. P. 26.2 (providing that notice of appeal must be filed within 30 days after sentence is imposed or appealable order is entered or within 90 days after sentence is imposed if timely motion for new trial is filed). A notice of appeal that complies with the deadlines set out in the Rules of Appellate Procedure is essential to vest an appellate court with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). "Without a timely filed notice of appeal, we lack jurisdiction over the appeal." *Swain v. State*, 319 S.W.3d 878, 880 (Tex. App.—Fort Worth 2010, no pet.).

If an appellate court is without jurisdiction over an appeal, it can only dismiss the appeal. *See Sherman v. State*, 12 S.W.3d 489, 492 (Tex. App.—Dallas 1999, no pet.). For these reasons, we dismiss this appeal for want of jurisdiction.

_____

Thomas J. Baker, Justice

Before Justices Baker, Triana, and Kelly

Dismissed for Want of Jurisdiction

Filed:   March 22, 2024

Do Not Publish

3