

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-10-024-CR

DARREN SWAIN                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In July 2008, a jury convicted Appellant Darren Swain in a municipal court of record of itinerant vending without a license, and the trial court assessed a fine against him in the amount of $550.  After the trial court denied Swain's motion for new trial, he appealed to the county criminal court.  *See* Tex. Gov't Code Ann. § 30.00014(a) (Vernon Supp. 2009).  On November 3, 2009, the county criminal court delivered a written opinion affirming the municipal court's judgment.  *See id.*

---

[1] *... See* Tex. R. App. P. 47.4.

§ 30.00024(a)(1), (c). On November 19, 2009, Swain filed a "Motion for Rehearing or, in the Alternative, Motion for New Trial."[2] On January 20, 2010, seventy-eight days after the county criminal court had affirmed the municipal court's judgment, Swain filed his notice of appeal from the county criminal court's judgment. *See id.* § 30.00027(a) (Vernon 2004).

The State filed a motion to dismiss Swain's appeal.[3] It argues that Swain failed to timely perfect this appeal because (1) under rule of appellate procedure 26.2(a)(1), he did not file his notice of appeal within thirty days of the county criminal court's judgment affirming the municipal court's judgment and (2) even though Swain filed a motion for new trial after the county criminal court had affirmed the municipal court's judgment, rule 26.2(a)(2)'s ninety-day deadline for filing a notice of appeal when a motion for new trial is filed does not apply in this case because Swain was convicted after a jury trial in a municipal court of record and thereafter appealed to the county criminal court, which did not conduct a trial de novo. According to the State, rule 26.2(a)(2) does "not apply to an appeal from a municipal court of record to a county court, and then to a court of appeals." Therefore, "[t]here is no reason for [Swain] to file a motion for new trial at the county level since the trial was held in the municipal court." We agree with the State.

_____

[2] The record does not demonstrate that the county criminal court ever ruled on this motion.

[3] Swain filed a response to the State's motion to dismiss.

A person convicted of an offense in a municipal court of record may appeal that conviction to a county criminal court. *Id.* § 30.00014(a). The county criminal court may not retry the case; instead, it must determine the appeal on the basis of the errors shown in the municipal court record. *Id.* § 30.00014(b) ("An appeal from the municipal court of record *may not be by trial de novo.*") (emphasis added). The county criminal court may affirm, reverse, or reform the municipal court's judgment. *Id.* § 30.00024(a); *Alexander v. State*, 240 S.W.3d 72, 74 (Tex. App.—Austin 2007, no pet.). The defendant may then appeal to the court of appeals if the county criminal court affirms the municipal court's judgment and if the fine assessed against the defendant exceeds $100. Tex. Gov't Code Ann. § 30.00027(a).

Under rule of appellate procedure 26.2(a)(1), a defendant's notice of appeal must be filed within thirty days after the court enters an appealable order. Tex. R. App. P. 26.2(a)(1); *see Garza v. State*, Nos. 14-06-00595-CR, 14-06-00596-CR, 2006 WL 2075147, at *1 (Tex. App.—Houston [14th Dist.] July 27, 2006, no pet.) (mem. op., not designated for publication); *Croes v. State*, No. 14-06-00361-CR, 2006 WL 1458485, at *1 (Tex. App.—Houston [14th Dist.] May 25, 2006, no pet.) (mem. op., not designated for publication); *Sharp v. State*, No. 05-04-00022-CR, 2004 WL 60770, at *1 (Tex. App.—Dallas Jan. 14, 2004, no pet.) (not designated for publication); *see also* Tex. Gov't Code Ann. § 30.00023(b) (Vernon 2004) ("The appellate courts may make and enforce all rules of practice and procedure that are not inconsistent with law and that are necessary to expedite the dispatch of appeals

3

from the municipal courts of record."). Rule 26.2(a)(2) provides that a notice of appeal must be filed "within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial." Tex. R. App. P. 26.2(a)(2). A notice of appeal that complies with the requirements of rule 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Without a timely filed notice of appeal, we lack jurisdiction over the appeal. *Id.*

Here, Swain filed his notice of appeal seventy-eight days after the county criminal court had affirmed the municipal court's judgment. Because Swain did not file the notice of appeal within thirty days of the county criminal court's judgment, we lack jurisdiction over this appeal unless rule 26.2(a)(2) applies to extend the deadline for filing the notice of appeal. *See id.*

It is well established that the granting or denying of a motion for new trial lies within the discretion of the *trial court*. *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). "A plain reading of [rule of appellate procedure 26.2(a)] reveals that a timely-filed motion for new trial can only extend the deadline for filing an appeal from the imposition or suspension of a sentence; it cannot extend the deadline for filing an appeal from a mere 'appealable order.'" *Martin v. State*, No. 02-06-00272-CR, 2007 WL 529905, at *1 (Tex. App.—Fort Worth Feb. 22, 2007, no pet.) (mem. op., not designated for publication); *see* Tex. R. App. P. 26.2(a).

4

In this case, the municipal court of record conducted Swain's jury trial and imposed the $550 fine. The county criminal court did not impose or suspend Swain's sentence. Swain's appeal to the county criminal court was not a trial de novo; instead, the county criminal court exercised criminal appellate jurisdiction under government code section 30.00014(a). *See* Tex. Gov't Code Ann. § 30.00002(1)(A) (Vernon 2004) (defining "[a]ppellate court" to mean, among other things, the county criminal court), § 30.00014(a) (providing that the county criminal courts have jurisdiction over appeals from a municipal court of record), § 30.00014(b) (providing that "[a]n appeal from the municipal court of record *may not be by trial de novo*") (emphasis added). Accordingly, Swain's motion for new trial challenging the county criminal court's judgment that affirmed the municipal court's judgment did not operate to extend the deadline for filing the notice of appeal under rule 26.2(a)(2).

Swain's notice of appeal was untimely. Accordingly, we grant the State's motion to dismiss and dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL: MEIER, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

PUBLISH

DELIVERED: July 8, 2010

5