Opinion issued July 21, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00495-CR

———————————

gerardo Carrillo, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from County Criminal Court at Law No. 8

Harris County, Texas



Trial Court Case No. 5515

 



 

MEMORANDUM OPINION

          In
August 2007, a municipal court found Gerardo Carrillo guilty of failing to
yield the right of way as a pedestrian, causing an accident between two cars.
The court entered judgment against Carrillo for $242, consisting of a $200 fine
and $42 in court costs. Carrillo filed a motion for new trial, which the
municipal court denied on January 23, 2008. Eight days later, Carrillo appealed
to county criminal court at law number eight. See Tex. Gov’t
Code Ann. § 30.00014(a) (West
Supp. 2009). The county criminal court affirmed the municipal court’s judgment on
September 4, 2008. Carrillo did not file a motion for new trial in the county
criminal court. On May 22, 2011, over two and a half years after the county
criminal court’s judgment, Carrillo filed a notice of appeal from the judgment.
See Tex.
Gov’t Code Ann. § 30.00027 (West Supp. 2009); Tex. Code Crim. Proc. Ann.
art. 4.03 (West Supp. 2009).

          Generally,
a defendant in a criminal case must file his notice of appeal within thirty
days of the date of the appealed judgment, or if a motion for new trial is
filed, within ninety days of the judgment. Tex.
R. App. P. 26.2(a). There is, however, a document in the record in which
Carrillo asserts that he did not receive notice of the county criminal court’s
judgment until May 11, 2011. Rule 4.2 of the Texas Rules of Appellate Procedure
allows for additional time to file a notice of appeal when a party does not
receive timely notice of a judgment. Tex.
R. App. P. 4.2. Under Rule 4.2, Carrillo’s deadline for filing a notice
of appeal did not begin to run from the date of the county criminal court’s
judgment if Carrillo did not receive notice, or have actual knowledge, of the
judgment within twenty days of the date the judgment was signed. Id. 4.2(a)(1). Instead, Carrillo’s time
period for filing his notice of appeal would run from the date on which he
received notice, or acquired actual knowledge, of the judgment, except that “in
no event may the period begin more than 90 days after the judgment or order was
signed.” Id. Thus, even if we assume
that Carrillo did not have notice or knowledge of the county criminal court’s
judgment until May 2011, the deadline for Carrillo to timely file a notice of
appeal expired in January 2009—thirty days
after the ninetieth day from the date the judgment was signed. Id. 4.2(a)(1), 26.2(a)(1).

          A
timely notice of appeal is essential to this Court’s jurisdiction. See Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Because
Carrillo’s notice of appeal was filed more than two and a half years after the
date of the judgment from which he appeals, it was not timely, and we do not
have jurisdiction over this appeal. See Swain v. State, 319 S.W.3d 878, 880 (Tex. App.—Fort
Worth 2010, no pet.) (dismissing untimely appeal from county court at
law’s judgment); Garza v. State, No.
14–06–00595–CR, 2006 WL 2075147, at *1 (Tex. App.—Houston [14th Dist.] July 27,
2006, no pet.) (same); Sharp
v. State, No. 05-04-00022-CR,
2004 WL 60770, at *1 (Tex. App.—Dallas Jan. 14, 2004, no pet.) (same). We dismiss
this appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Radack and Justices Higley
and Brown.

Do not publish.  Tex. R. App. P. 47.4.