Opinion issued September 29, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00495-CR

———————————

gerardo Carrillo, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from County Criminal Court at Law No. 8

Harris County, Texas



Trial Court Case No. 5515

 



 

MEMORANDUM OPINION

          We
withdraw our opinion and judgment issued July 21, 2011 and substitute this
opinion and its accompanying judgment in their place.

In August 2007, a municipal court
found Gerardo Carrillo guilty of failing to yield the right of way as a
pedestrian, causing an accident between two cars. The court entered judgment
against Carrillo for $242, consisting of a $200 fine and $42 in court costs.
Carrillo filed a motion for new trial, which the municipal court denied on
January 23, 2008. Eight days later, Carrillo appealed to county criminal court
at law number eight.
See Tex. Gov’t Code Ann. §
30.00014(a) (West
Supp. 2009). The county criminal court affirmed the municipal court’s judgment on September
4, 2008. Carrillo did not file a motion for new trial in the county criminal
court. On May 22, 2011, over two and a half years after the county criminal
court’s judgment, Carrillo filed a notice of appeal from the judgment. See Tex.
Gov’t Code Ann. § 30.00027 (West Supp. 2009); Tex. Code Crim. Proc. Ann.
art. 4.03 (West Supp. 2009).

          Generally,
a defendant in a criminal case must file his notice of appeal within thirty
days of the date of the appealed judgment, or if a motion for new trial is filed,
within ninety days of the judgment. Tex.
R. App. P. 26.2(a). There is a document in the record in which Carrillo
asserts that he did not receive notice of the county criminal court’s judgment
until May 11, 2011. Rule 4.2 of the Texas Rules of Appellate Procedure allows
for additional time to file a notice of appeal when a party does not receive timely
notice of a judgment in a civil case, but there is no comparable rule for
criminal cases. See Tex. R. App. P. 4.2; State v. Rollins, 4 S.W.3d 453, 454 (Tex.
App.—Austin 1999, no pet.). 

          A
timely notice of appeal is essential to this Court’s jurisdiction. See Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Because
Carrillo’s notice of appeal was filed more than two and a half years after the
date of the judgment from which he appeals, it was not timely, and we do not
have jurisdiction over this appeal. See Swain v. State, 319 S.W.3d 878, 880 (Tex. App.—Fort Worth
2010, no pet.) (dismissing untimely appeal from county court at
law’s judgment); Garza v. State, No.
14–06–00595–CR, 2006 WL 2075147, at *1 (Tex. App.—Houston [14th Dist.] July 27,
2006, no pet.) (same); Sharp
v. State, No. 05-04-00022-CR,
2004 WL 60770, at *1 (Tex. App.—Dallas Jan. 14, 2004, no pet.) (same). We dismiss
this appeal for lack of jurisdiction.

          All
outstanding motions are dismissed as moot.

PER CURIAM

Panel consists of Chief Justice Radack and Justices Higley
and Brown.

Do not publish.  Tex. R. App. P. 47.4.