02-11-233 THRU 238-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NOS. 02-11-00233-CR

02-11-00234-CR

       02-11-00235-CR

       02-11-00236-CR

       02-11-00237-CR

       02-11-00238-CR

 


 
 
 Charles H. Myers
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM County
Criminal Court No. 10 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

         
Appellant Charles H. Myers appeals the county criminal court’s decision,
upholding his municipal court convictions for violating city ordinances
regarding restraining and licensing a dog.  We affirm.

         
A jury in a Fort Worth municipal court of record found Appellant guilty on
three counts of failing to display a city dog tag and failing to restrain a
dog, and assessed fines totaling $7500.  The municipal court sentenced
Appellant accordingly, and Appellant appealed to the county criminal court, but
he neither requested nor paid for an actual transcription of the proceedings in
the municipal court.[2]  See Tex. Gov’t Code Ann.
§ 30.00014(a) (West Supp. 2011); Tex. Code Crim. Proc. Ann. arts. 4.08,
45.042 (West 2005).  The county criminal court issued a written opinion
affirming the judgments of the municipal court.  Appellant invoked our
jurisdiction by timely filing a notice of appeal.

         
When a person convicted of an offense in a municipal court of record appeals
that conviction to a county criminal court, the county criminal court may not
retry the case; instead, it must determine the appeal on the basis of the
errors shown in the municipal court record.  Tex. Gov’t Code Ann.
§ 30.00014(b) (“An appeal from the municipal court of record may not be
by trial de novo.”) (emphasis added).  The county criminal court may
affirm, reverse, or reform the municipal court’s judgment.  Id.
§ 30.00024(a); Swain v. State, 319 S.W.3d 878, 879 (Tex. App.—Fort
Worth 2010, no pet.); Alexander v. State, 240 S.W.3d 72, 74 (Tex.
App.—Austin 2007, no pet.).  The defendant may then appeal to the court of
appeals if the county criminal court affirms the municipal court’s judgment and
if the fine assessed against the defendant exceeds $100.  Tex. Gov’t Code
Ann. § 30.00027(a); Swain, 319 S.W.3d at 879.

         
Our review in such a case is limited to those issues considered by the county
criminal court.  See Tex. Gov’t Code Ann. § 30.00027(b)(1) (West
Supp. 2011) (in an appeal from a municipal court of record, the record and
briefs from the appeal to the county court constitute the record and briefs at
the court of appeals).

         
In his brief and reply brief to the county criminal court, Appellant cited the
Old Testament and provisions of the United States and Texas
constitutions.  Between these citations and his prayer for relief, in
which he asked for his convictions to be overturned, Appellant’s brief sets out
no facts, presents no argument, and most importantly, raises no issues.

         
The county criminal court found that Appellant had raised no issues and noted
that he had failed to request or pay for an actual transcription of the
proceedings.  After determining that no errors were apparent from the clerk’s
record, the county criminal court affirmed the convictions.

         
Appellant’s brief did not present any issues for the county criminal court to
review.  Consequently, because we are limited to those issues that were
raised in the county criminal court, and because no issues were raised before
that court, there are no issues for us to review.  See Id.
§ 30.00027(b)(1).

         
Further, if a party provides no argument or legal authority to support its
position, the appellate court may properly overrule the issue or point as
inadequately briefed.  Russeau v. State, 171 S.W.3d 871, 881 (Tex.
Crim. App. 2005), cert. denied, 548 U.S. 926 (2006).  Appellant’s
brief does not provide an argument and legal authority supporting the relief he
seeks.

         
Further still, if a party does not refer the appellate court to the pages in
the record where an error allegedly occurred, the appellate court may properly
overrule the point as inadequately briefed.  Busby v. State, 253
S.W.3d 661, 673 (Tex. Crim. App.) (“This Court has no obligation to construct
and compose appellant’s issues, facts, and arguments ‘with appropriate
citations to authorities and to the record.’” (quoting Tex. R. App. P. 38.1)), cert.
denied, 129 S. Ct. 625 (2008).

         
If a party establishes indigence, the court reporter must prepare the record
without payment.  Tex. R. App. P. 20.1(j).  But here, the municipal
court determined that Appellant was not indigent, and Appellant did not contest
that determination on appeal, so he was responsible for paying for the clerk’s
record and an actual transcription of the proceedings on appeal.  Tex.
Gov’t Code Ann. § 30.00014(g).  Appellant failed to either request or pay
for an actual transcription of the proceedings from the municipal court. 
Even if Appellant had raised an issue in his brief to the county criminal
court, he essentially presented no facts for the county criminal court to
review in determining whether an error was made in the municipal court. 
Likewise, again, there is nothing for us to review.

         
Because Appellant raised no issues in his brief, made no argument in support of
his prayer for relief, and because he did not provide a reporter’s record in
order to show that he preserved any error at the trial level, like the county
criminal court, we are left with nothing to review other than the clerk’s
record.  After examining the clerk’s record, the county criminal court
concluded that there was no error in the judgments and affirmed the municipal
court.  Having in turn reviewed the clerk’s record ourselves, we agree
with the county criminal court that there is no error, and therefore affirm
that court’s ruling affirming the judgments in the municipal court.

 

 

 

LEE GABRIEL

JUSTICE

 

PANEL:
DAUPHINOT, GARDNER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  December 8,
2011














[1]See Tex. R. App. P. 47.4.





[2]Appellant filed a motion in the
municipal court to be found indigent that the municipal court denied.