

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NOS. 02-11-00233-CR
### 02-11-00234-CR
### 02-11-00235-CR
### 02-11-00236-CR
### 02-11-00237-CR
### 02-11-00238-CR

CHARLES H. MYERS                                           APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Charles H. Myers appeals the county criminal court's decision, upholding his municipal court convictions for violating city ordinances regarding restraining and licensing a dog. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

A jury in a Fort Worth municipal court of record found Appellant guilty on three counts of failing to display a city dog tag and failing to restrain a dog, and assessed fines totaling $7500. The municipal court sentenced Appellant accordingly, and Appellant appealed to the county criminal court, but he neither requested nor paid for an actual transcription of the proceedings in the municipal court.[2] *See* Tex. Gov't Code Ann. § 30.00014(a) (West Supp. 2011); Tex. Code Crim. Proc. Ann. arts. 4.08, 45.042 (West 2005). The county criminal court issued a written opinion affirming the judgments of the municipal court. Appellant invoked our jurisdiction by timely filing a notice of appeal.

When a person convicted of an offense in a municipal court of record appeals that conviction to a county criminal court, the county criminal court may not retry the case; instead, it must determine the appeal on the basis of the errors shown in the municipal court record. Tex. Gov't Code Ann. § 30.00014(b) ("An appeal from the municipal court of record *may not be by trial de novo.*") (emphasis added). The county criminal court may affirm, reverse, or reform the municipal court's judgment. *Id.* § 30.00024(a); *Swain v. State*, 319 S.W.3d 878, 879 (Tex. App.—Fort Worth 2010, no pet.); *Alexander v. State*, 240 S.W.3d 72, 74 (Tex. App.—Austin 2007, no pet.). The defendant may then appeal to the court of appeals if the county criminal court affirms the municipal court's

---

[2]Appellant filed a motion in the municipal court to be found indigent that the municipal court denied.

judgment and if the fine assessed against the defendant exceeds $100. Tex. Gov't Code Ann. § 30.00027(a); *Swain*, 319 S.W.3d at 879.

Our review in such a case is limited to those issues considered by the county criminal court. See Tex. Gov't Code Ann. § 30.00027(b)(1) (West Supp. 2011) (in an appeal from a municipal court of record, the record and briefs from the appeal to the county court constitute the record and briefs at the court of appeals).

In his brief and reply brief to the county criminal court, Appellant cited the Old Testament and provisions of the United States and Texas constitutions. Between these citations and his prayer for relief, in which he asked for his convictions to be overturned, Appellant's brief sets out no facts, presents no argument, and most importantly, raises no issues.

The county criminal court found that Appellant had raised no issues and noted that he had failed to request or pay for an actual transcription of the proceedings. After determining that no errors were apparent from the clerk's record, the county criminal court affirmed the convictions.

Appellant's brief did not present any issues for the county criminal court to review. Consequently, because we are limited to those issues that were raised in the county criminal court, and because no issues were raised before that court, there are no issues for us to review. *See Id.* § 30.00027(b)(1).

Further, if a party provides no argument or legal authority to support its position, the appellate court may properly overrule the issue or point as

3

inadequately briefed. *Russeau v. State*, 171 S.W.3d 871, 881 (Tex. Crim. App. 2005), *cert. denied*, 548 U.S. 926 (2006). Appellant's brief does not provide an argument and legal authority supporting the relief he seeks.

Further still, if a party does not refer the appellate court to the pages in the record where an error allegedly occurred, the appellate court may properly overrule the point as inadequately briefed. *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App.) ("This Court has no obligation to construct and compose appellant's issues, facts, and arguments 'with appropriate citations to authorities and to the record.'" (quoting Tex. R. App. P. 38.1)), *cert. denied*, 129 S. Ct. 625 (2008).

If a party establishes indigence, the court reporter must prepare the record without payment. Tex. R. App. P. 20.1(j). But here, the municipal court determined that Appellant was not indigent, and Appellant did not contest that determination on appeal, so he was responsible for paying for the clerk's record and an actual transcription of the proceedings on appeal. Tex. Gov't Code Ann. § 30.00014(g). Appellant failed to either request or pay for an actual transcription of the proceedings from the municipal court. Even if Appellant had raised an issue in his brief to the county criminal court, he essentially presented no facts for the county criminal court to review in determining whether an error was made in the municipal court. Likewise, again, there is nothing for us to review.

Because Appellant raised no issues in his brief, made no argument in support of his prayer for relief, and because he did not provide a reporter's record

4

in order to show that he preserved any error at the trial level, like the county criminal court, we are left with nothing to review other than the clerk's record. After examining the clerk's record, the county criminal court concluded that there was no error in the judgments and affirmed the municipal court. Having in turn reviewed the clerk's record ourselves, we agree with the county criminal court that there is no error, and therefore affirm that court's ruling affirming the judgments in the municipal court.

LEE GABRIEL
JUSTICE

PANEL: DAUPHINOT, GARDNER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 8, 2011