

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00085-CR

Ricardo O. **MORENO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 13, Bexar County, Texas
Trial Court No. 135229
Honorable Monica A. Gonzalez, Judge Presiding

PER CURIAM

Sitting:    Patricia O. Alvarez, Justice
            Luz Elena D. Chapa, Justice
            Jason Pulliam, Justice

Delivered and Filed:  April 15, 2015

DISMISSED FOR WANT OF JURISDICTION

In November 2013, Appellant Ricardo O. Moreno was convicted in San Antonio Municipal Court No. 3 of violation of a municipal ordinance.  He appealed his conviction to Bexar County Court at Law No. 13.  *See* TEX. GOV'T CODE ANN. § 30.00014 (West Supp. 2014) (appeal from municipal court).  On November 18, 2014, the county court dismissed the appeal for want of jurisdiction.  On December 16, 2014, Appellant filed a motion for new trial, and on February 13, 2015, Appellant filed a notice of appeal.

To perfect an appeal, a notice of appeal must be filed within thirty days of the date that the county court entered an appealable order. *See id.* § 30.00027 (authorizing appeal from a county court to a court of appeals under certain conditions); TEX. R. APP. P. 26.2(a)(1) (setting deadline to file a notice of appeal for criminal appeals); *Swain v. State*, 319 S.W.3d 878, 879 (Tex. App.—Fort Worth 2010, no pet.) (per curiam). A motion for new trial filed after an appeal from a municipal court of record to a county court does not extend the deadline to file the notice of appeal. *Swain*, 319 S.W.3d at 880. "If a notice of appeal is not timely filed, the court of appeals has no option but to dismiss the appeal for lack of jurisdiction." *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012).

On March 11, 2015, we ordered Appellant to show cause in writing why this appeal should not be dismissed for want of jurisdiction. Appellant timely responded, argued that the county court should not have dismissed his appeal, but did not address how this court has jurisdiction over his appeal from the county court's order.

The county court dismissed Appellant's appeal on November 18, 2014; Appellant's notice of appeal was due on December 18, 2014. *See* TEX. R. APP. P. 26.2(a)(1); *Swain*, 319 S.W.3d at 879. Appellant's motion for extension of time to file a notice of appeal was due on January 2, 2015. *See* TEX. R. APP. P. 26.3; *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Appellant did not file his notice of appeal until February 13, 2015. Appellant did not invoke this court's jurisdiction, and we may not consider his appeal. *See Olivo*, 918 S.W.2d at 522.

We reinstate the appellate deadlines and dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 26.2(a)(1); *Castillo*, 369 S.W.3d at 198; *Swain*, 319 S.W.3d at 879–80.

PER CURIAM

DO NOT PUBLISH