**Affirmed and Opinion filed October 15, 2015.**



In The

# Fourteenth Court of Appeals

NO. 14-14-00847-CR

CARLOS A. ARIAS, Appellant

V.

THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court at Law No. 13
Harris County, Texas
Trial Court Cause No. 5651**

## O P I N I O N

We must decide whether the State, in its burden to establish guilt beyond a reasonable doubt, must negate every exception to the requirement for a driver to establish financial responsibility. Concluding applicability of the exceptions to such requirement is a defense and the inapplicability thereof is not an element of the offense, we affirm appellant Carlos A. Arias' conviction for failure to establish financial responsibility.

## *Background*

An officer observed appellant speeding in his car and pulled him over. The officer asked appellant for proof of financial responsibility, but he had none. Appellant was charged with failure to establish financial responsibility, and the case was tried before a jury in municipal court. At the close of the State's case-in-chief, appellant moved for directed verdict on the basis that the State had not negated the statutory exceptions to the requirement to establish financial responsibility. The motion was denied. A jury found appellant guilty and assessed a fine of $175 plus court costs. Appellant appealed to the county criminal court at law, which affirmed the conviction.

## *Discussion*

When a person convicted of an offense in a municipal court of record appeals that conviction to a county criminal court, the county criminal court must determine the appeal on the basis of any errors shown in the municipal court record. Tex. Gov't Code § 30.00014(b) ("An appeal from the municipal court of record may not be by trial de novo."). The county criminal court may affirm, reverse, or reform the municipal court's judgment. *Id*. § 30.00024(a); *Swain v. State*, 319 S.W.3d 878, 879 (Tex. App.—Fort Worth 2010, no pet). The defendant may then appeal to the court of appeals if the county criminal court affirms the municipal court's judgment and if the fine assessed against the defendant exceeds $100. Tex. Gov't Code § 30.00027(a); *Swain*, 319 S.W.3d at 879. Our review in such a case is limited to those issues considered by the county criminal court. *See* Tex. Gov't Code § 30.00027(b)(1) (setting forth requirement that in an appeal from a municipal court of record, the record and briefs from the appeal to the county court constitute the record and briefs at the court of appeals).

Appellant presented three issues to the county criminal court, revolving

around whether the State was required to negate the exceptions to the requirement to establish financial responsibility. Appellant argues that (1) the trial court erred in denying his motion for directed verdict because the State failed to plead the exceptions in the charging instrument and prove beyond a reasonable doubt that the exceptions did not apply; (2) as a result, the trial court erred in overruling appellant's objection to the jury charge and request to include the exceptions in the charge; and (3) the jury's guilty finding is not supported by legally sufficient evidence because the State did not present evidence to negate the exceptions.

### I. State Not Required to Negate Exceptions to Financial Responsibility Requirement as an Element of Offense

In his first issue, appellant argues the trial court erred in denying his motion for directed verdict because the State failed to plead the exceptions to the financial responsibility requirement in the charging instrument and prove beyond a reasonable doubt that the exceptions did not apply.[1] We conclude that the exceptions are defenses that the defendant must raise and not an element of the offense that the State must plead and negate.

Generally, when a penal statute includes an exception as part of the statute itself, the State must negate the existence of the exception in the indictment of the offense and prove beyond a reasonable doubt that the defendant or defendant's conduct does not fall within the exception. *Baumgart v. State*, No. 14-14-00306-CR, 2015 WL 3986153, at *2 (Tex. App.—Houston [14th Dist.] June 30, 2015, no. pet. h.) (citing Tex. Pen. Code § 2.02). This rule applies to exceptions to criminal conduct in the Penal Code as well as penal provisions included in civil statutes. *Id*. Failing to negate an exception is the same as failing to allege an essential element

---

[1] *See* Tex. Code Crim. Proc. art. 45.032 ("If, upon the trial of a case in a . . . municipal court, the state fails to prove a prima facie case of the offense alleged in the complaint, the defendant is entitled to a directed verdict of 'not guilty.'").

of the offense and renders the indictment void. *Id*. However, when an exception is in a separate section from the provision that states the offense and a prima facie case can be made without proof negating the exception, it is not essential for the State to negate the exception. *Id*. at *3.

Under the Transportation Code, a person may not operate a motor vehicle in Texas unless that person establishes financial responsibility. Tex. Transp. Code § 601.051. Several exceptions apply to this requirement.[2] *Id*. § 601.052. Compliance typically involves the purchase of an automobile liability insurance policy. *See id*. §§ 601.071–.088. The failure to comply is a misdemeanor offense punishable by a fine. *Id*. § 601.191. The legislature could have expressly labeled the above referenced exceptions as "defenses" to the financial responsibility requirement, but because it did not, we must examine the broader statutory scheme to determine whether the exceptions are defenses. *See, e.g., Chase v. State*, 448 S.W.3d 6, 18, 21-22 (Tex. Crim. App. 2014) (concluding statute outside of Penal Code envisioned defense to criminal prosecution as well as defense from civil liability).

Unlike a statutory exception to an offense that must be negated by the State, a defense must be raised by the defendant. Tex. Penal Code § 2.03(b). A defendant bears the initial burden to produce some evidence that supports the defensive theory. *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003); *Kirk v. State*, 421 S.W.3d 772, 777 (Tex. App.—Fort Worth 2014, pet. ref'd). Once the defendant produces such evidence, the State then bears the ultimate burden of persuasion to disprove the defense beyond a reasonable doubt. *Zuliani*, 97 S.W.3d

---

[2] The relevant statutory section is entitled "Exceptions to Financial Responsibility Requirement" and states that the requirement "does not apply to" (1) the operation of certain types of vehicles or (2) a volunteer fire department for the operation of a motor vehicle owned by the volunteer fire department. *See* Tex. Transp. Code § 601.052.

4

at 594. A defendant is entitled to acquittal if there is reasonable doubt on the issue. Tex. Penal Code § 2.03(d).

No Texas court has determined whether the State must negate the exceptions to the financial responsibility requirement as an element of the offense or whether the exceptions are defenses that must be raised by the defendant. To determine whether section 601.052 lists exceptions the State must negate or defenses the defendant must raise, we must decide whether they are a necessary part of the definition or description of the offense. *See Bragg v. State*, 740 S.W.2d 574, 576 (Tex. App.—Houston [1st Dist.] 1987, pet. ref'd).

"Financial responsibility" is defined under the statute as "the ability to respond in damages for liability for an accident that (A) occurs after the effective date of the document evidencing the establishment of the financial responsibility; and (B) arises out of the ownership, maintenance, or use of a motor vehicle." Tex. Transp. Code § 601.002(3). The section of the statute describing as a penal offense the operation of a motor vehicle without establishing financial responsibility is section 601.191, which is located in subchapter G, entitled "Failure to Maintain Motor Vehicle Liability Insurance or Otherwise Establish Financial Responsibility; Criminal Penalties." *Id*. § 601.191. The sections at issue, "Requirement of Financial Responsibility," section 601.051, and "Exceptions to Financial Responsibility Requirement," section 601.052, are in a separate section, subchapter C, entitled, "Financial Responsibility; Requirements." *Id.* §§ 601.051-.052. Accordingly, the exceptions for the requirement for financial responsibility are in a separate subchapter from the provision stating the offense. *See Baumgart*, 2015 WL 3986153, at *3.

Section 601.191 is entitled, "Operation of Motor Vehicle in Violation of Motor Vehicle Liability Insurance Requirement; Offense," and states, "A person

commits an offense if the person operates a motor vehicle in violation of Section 601.051." Tex. Transp. Code § 601.191. It sets forth the criminal penalties for such violations, but does not cite or otherwise reference the exceptions listed in section 601.052. *Id*. § 161.191(b)-(c). Accordingly, we conclude the exceptions listed in section 601.052 are not a necessary part of the definition or description of the offense. *See Bragg*, 740 S.W.2d at 576 (holding exceptions that were in separate subchapter from offense were neither "a necessary part of the definition nor description of the offense" and "it [would be] unreasonable to expect an indictment to include negations of [numerous] situations to which the offense does not apply"). Because the section describing the offense states only that a person commits an offense by operating a motor vehicle in violation of section 601.051, a prima facie case can be made without proof negating the exceptions. *See Baumgart*, 2015 WL 3986153, at *3.

We further note that the State generally is not required to negate as an element of the offense matters "peculiarly within the knowledge of the defendant" because such matters support a defensive theory. *See, e.g., Rosemond v. United States*, 134 S. Ct. 1240, 1256-57 (2014) ("The usual rule that a defendant bears the burden of proving affirmative defenses is justified by a compelling, commonsense intuition: '[W]here the facts with regard to an issue lie peculiarly in the knowledge of a party, that party is best situated to bear the burden of proof.'" (citation omitted)); *Dixon v. United States*, 548 U.S. 1, 9 (2006) (acknowledging principle "in the context of the defense of duress"); *Bell v. State*, 62 Tex. Crim. 242, 243 (1911).[3] Most of the exceptions in section 601.052 would be "peculiarly within the

---

[3] In *Bell v. State*, the defendant had been convicted of "selling intoxicating liquor." 62 Tex. Crim. at 242. A former Texas statute allowed the otherwise prohibited sale of liquor when it was prescribed by a physician. *See McCormick v. Tex. Liquor Control Bd.*, 141 S.W.2d 1004, 1005 (Tex. Civ. App.—Beaumont 1940, no writ). The defendant in *Bell* argued that the State was required to plead and prove he did not have a license to sell liquor by prescription and the sales

knowledge of the defendant": whether the vehicle was "a former military vehicle or . . . at least 25 years old"; "used only for exhibitions, club activities, parades, and other functions of public interest and not for regular transportation"; and "for which the owner files . . . an affidavit . . . stating that the vehicle is a collector's item"; or "a motor vehicle [with a] title . . . held in the name of a volunteer fire department." Tex. Transp. Code § 601.052(a). We acknowledge that some of the exceptions may be self-evident, such as whether a neighborhood electric vehicle or golf cart was being operated under certain circumstances. *Id*. However, under most circumstances, the defendant would be more likely than the State to know whether one of the exceptions applies.

We conclude the exceptions are defenses that the defendant must raise and the lack of applicability of the exceptions is not an element of the offense. Accordingly, the State was not required to plead and prove that none of the exceptions apply. *See Bell*, 62 Tex. Crim. at 243; *Baumgart*, 2015 WL 3986153, at *3; *Bragg*, 740 S.W.2d at 576.

We overrule appellant's first issue.

## II.    No Evidence Any Exceptions Apply

In his second and third issues, appellant complains that the trial court erred in failing to instruct the jury that the State was required to prove beyond a reasonable doubt that the exceptions to the financial responsibility requirement did not apply and challenges the sufficiency of the evidence supporting the jury's verdict based on the State's failure to negate the exceptions. We address these related issues together.

---

were not made by prescription. 62 Tex. Crim. at 243. The Court of Criminal Appeals concluded that the State was not required to prove "these negative matters" because the circumstances surrounding the sale of the liquor were "peculiarly within the knowledge of the defendant." *Id*.

7

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether a rational jury could have found the elements of the offense beyond a reasonable doubt. *See Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). In making this review, we consider all evidence in the record, whether it was admissible or inadmissible. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013). We also consider both direct and circumstantial evidence, as well as any reasonable inferences that may be drawn from the evidence. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Issues pertaining to the existence of a defense are not submitted to the jury unless evidence is admitted supporting the defense. Tex. Penal Code § 2.03(c).

As discussed above, a defendant bears the initial burden to produce some evidence that supports a defensive theory; then the burden shifts to the State to disprove the defense beyond a reasonable doubt. *Zuliani*, 97 S.W.3d at 594; *Kirk*, 421 S.W.3d at 777. Appellant presented no evidence at trial that any of the exceptions applied. The State likewise presented no such evidence. The only evidence presented at trial was through the officer's testimony, which did not address the exceptions. Accordingly, appellant was not entitled to a jury instruction regarding the applicability of the exceptions. Tex. Penal Code § 2.03(c).

Because appellant did not raise the defensive issue by presenting evidence that any of the exceptions applied, the State was not required to present any evidence negating the exceptions. Therefore, the trial court did not err in failing to instruct the jury regarding the applicability of the exceptions, and appellant has not demonstrated that the jury's guilty finding was not supported by legally sufficient evidence on the basis that the State did not present any evidence negating the

8

exceptions.

We overrule appellant's second and third issues.

We affirm the judgment of the county criminal court at law.


/s/    Martha Hill Jamison
        Justice


Panel consists of Chief Justice Frost and Justices Jamison and Busby.
Publish — TEX. R. APP. P. 47.2(b).

9