**DISMISSED; Opinion Filed August 1, 2017.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-17-00649-CR

**BILLY WAYNE WASS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 1**
**Collin County, Texas**
**Trial Court Cause No. 001-81326-2017**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Bridges, and Justice Evans
Opinion by Justice Evans

Billy Wayne Wass appeals the county court at law's judgment, affirming his conviction in municipal court. We dismiss this appeal for want of jurisdiction.

On January 10, 2017, the municipal court of the City of McKinney convicted appellant of speeding and assessed a $71 fine. Appellant appealed his conviction to the County Court at Law No. 1 in Collin County. On April 17, 2017, that court found appellant guilty of speeding and assessed a $50 fine. Appellant then filed his appeal with this Court. The complete record has been filed.

This Court has jurisdiction to provide further review of a municipal court judgment if:

(1) the fine assessed against the defendant exceeds $100 and the judgment is affirmed by the appellate court; or

(2) the sole issue is the constitutionality of the statute or ordinance on which a conviction is based.

TEX. GOV'T CODE ANN. § 30.00027(a)(1), (2) (West Supp. 2016). The government code also provides that the record and briefs on appeal to the county court "constitute the record and briefs on appeal" to this Court. *Id*. § 30.00027(b). As a result, we may not consider briefs in a municipal appeal other than those filed in the county court. *See Arias v. State*, 477 S.W.3d 925, 927 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (in appeal from municipal court, the record and briefs from the appeal to the county court constitute the record and briefs at court of appeals); *Brooks v. State*, 226 S.W.3d 607, 609 n.3 (Tex. App.–Houston [1st Dist.] 2007, no pet.) (court would not consider briefs filed in appellate court because briefs in county criminal court constitute briefs in court of appeals).

Before we may review appellant's complaint regarding his conviction, we must have jurisdiction over the appeal. Here, the record shows the county court at law found appellant guilty but assessed a $50 fine. Because his fine does not exceed $100, we do not have jurisdiction over this appeal under subsection (a)(1) of section 30.00027. *See* TEX. GOV'T CODE ANN. § 30.00027(a)(1). Furthermore, the only issue raised in the county criminal court was whether, under Texas Rule of Evidence 702, the police officer's testimony regarding "the alleged reliability, accuracy and results of the LIDAR radar" was admissible. Appellant did not challenge the constitutionality of the speeding ordinance. Thus, we lack jurisdiction over this appeal under subsection (a)(2) of section 30.00027. *See* TEX. GOV'T CODE ANN. § 30.00027(a)(2).

We dismiss this appeal for want of jurisdiction.

/David W. Evans/  
DAVID EVANS  
JUSTICE

Do Not Publish  
TEX. R. APP. P. 47.2(b)  
170649F.U05

–2–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

BILLY WAYNE WASS, Appellant

No. 05-17-00649-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1, Collin County, Texas
Trial Court Cause No. 001-81326-2017.
Opinion delivered by Justice Evans, Chief Justice Wright and Justice Bridges participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered this 1st day of August, 2017.