**Affirmed and Memorandum Opinion filed October 10, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00612-CR

**DOMINGO TAJIBOY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 5658**

## M E M O R A N D U M   O P I N I O N

Appellant Domingo Tajiboy was convicted in a Harris County municipal court for failure to maintain financial responsibility while operating a motor vehicle. He appealed to the county criminal court at law, which affirmed his conviction.[1] In this further appeal, appellant contends that the county criminal court at law erred in affirming the municipal court's judgment for three reasons:

---

[1] A defendant has the right of appeal from a conviction in a municipal court of record to a county criminal court at law. *See* Tex. Gov't Code § 30.00014(a).

(1) the State failed to negate statutory exceptions to the offense in the complaint, and the complaint is therefore void; (2) the State failed to negate statutory exceptions to the offense in its proof at trial, and appellant was therefore entitled to a directed verdict of not guilty; and (3) the municipal court erred in failing to include statutory exceptions to the offense in the jury charge.[2]

We conclude that there is no error as alleged by appellant, and we affirm the county criminal court at law's judgment.

## Background

A police officer stopped appellant for running a red light. The officer asked appellant for his driver's license and proof of financial responsibility. The officer initially asked in English but because appellant "wasn't really sure what proof of financial responsibility" was, the officer "tried his best in Spanish to say in -- insurance in Spanish which is: Aseguranza." The police officer believed that appellant understood what the officer had asked. According to the officer, appellant produced "his ID" but, as regarding proof of financial responsibility, "[appellant] said he didn't have it" or shook his head.

Appellant was cited and later charged by misdemeanor complaint for failure to maintain financial responsibility while operating a motor vehicle. Appellant pleaded not guilty to the charge, and the State tried the case to a jury in municipal court. The police officer who conducted the traffic stop was the only witness. The jury found appellant guilty and assessed a $225 fine. The municipal court denied appellant's motion for new trial, and he appealed to County Criminal Court at Law

---

[2] The county criminal court at law addressed the same issues, albeit in a different order. Appellant preserved these issues for review by raising them in a timely motion for new trial. *See* Tex. Gov't Code § 30.00014(b) (the county criminal court at law determines the appeal based on the errors alleged in the appellant's motion for new trial).

No. 4.  The county criminal court at law affirmed the municipal court's judgment, and appellant now appeals his conviction to this court.

## Analysis

### A.    Negating statutory exceptions

In his first issue, appellant contends that the State was required but failed to negate statutory exceptions to the offense in the complaint.  In his second issue, appellant asserts that the State failed to prove beyond a reasonable doubt at trial that appellant's conduct did not fall within a statutory exception to the offense.  According to appellant, both deficiencies entitle him to a judgment of acquittal.  Because both issues concern the State's purported burden to negate statutory exceptions to the offense, we address them together.

The Penal Code provides that when a statutory exception to a criminal offense exists, the State must (1) negate the existence of the exception in the accusation charging commission of the offense and (2) prove beyond a reasonable doubt that the defendant or defendant's conduct does not fall within the exception. *See* Tex. Penal Code § 2.02(b); *Baumgart v. State*, 512 S.W.3d 335, 338 (Tex. Crim. App. 2017).  Failing to negate an exception is the same as failing to allege an essential element of the offense and renders the charging instrument void.  *See McElroy v. State*, 720 S.W.2d 490, 492 (Tex. Crim. App. 1986).  If the State fails to prove an essential element beyond a reasonable doubt, then the defendant is entitled to an acquittal.  *See Lewis v. State*, 852 S.W.2d 667, 670 (Tex. App.—Houston [14th Dist.] 1993, no pet.).

In this case, the State charged appellant with violating Transportation Code section 601.051, which provides that a person "may not operate a motor vehicle in this state unless financial responsibility is established for that vehicle."  Tex.

Transp. Code § 601.051; *see also Arias v. State*, 477 S.W.3d 925, 928 (Tex. App.—Houston [14th Dist.] 2015, no pet.). "Financial responsibility" is defined as "the ability to respond in damages for liability for an accident that: (A) occurs after the effective date of the document evidencing the establishment of the financial responsibility; and (B) arises out of the ownership, maintenance, or use of a motor vehicle." Tex. Transp. Code § 601.002(3). A person may establish financial responsibility through: (1) a motor vehicle liability insurance policy; (2) a surety bond; (3) a deposit; or (4) self-insurance. *Id.* § 601.051.[3] A motor vehicle operator is required, upon request by a peace officer, to exhibit proof of financial responsibility. *Id.* § 601.053(a). An operator who does not exhibit proof upon request is presumed to have operated the vehicle in violation of the law. *Id.* § 601.053(b). A violation of section 601.051 is a criminal misdemeanor offense punishable by a fine. *See id.* § 601.191; *Arias*, 477 S.W.3d at 928. If the operator later presents satisfactory proof that financial responsibility had been established for the vehicle at the time the citation was issued, the court must dismiss the prosecution. *See* Tex. Transp. Code § 601.193.

Transportation Code section 601.052, titled "Exceptions to Financial Responsibility Requirement," exempts certain vehicles from section 601.051's requirement of maintaining financial responsibility. At the time of appellant's trial, section 601.051 did not apply to:

> (1) the operation of a motor vehicle that:
>> (A) is a former military vehicle or is at least 25 years old;
>> (B) is used only for exhibitions, club activities, parades, and other functions of public interest and not for regular transportation; and
>> (C) for which the owner files with the department an affidavit,

---

[3] "Compliance typically involves the purchase of an automobile liability insurance policy." *Arias*, 477 S.W.3d at 928.

signed by the owner, stating that the vehicle is a collector's item and used only as described by Paragraph (B);

(2) the operation of a neighborhood electric vehicle or a golf cart that is operated only as authorized by Section 551.304 or 551.403; or

(3) a volunteer fire department for the operation of a motor vehicle the title of which is held in the name of a volunteer fire department.

Tex. Transp. Code § 601.052(a) (West 2013).[4]

As the county criminal court at law stated, "[a]ppellant's argument is straightforward: section 601.052 is entitled as an exception, therefore each of the matters listed under the section constitute an exception to the offense," which the State was required to negate in the charging instrument and at trial. While appellant's framing of the issue is facially plausible, precedent from the Court of Criminal Appeals forecloses his argument.

In *Baumgart*, the Court of Criminal Appeals addressed this issue head on. *See* 512 S.W.3d at 338. The court began its analysis with section 2.02 of the Penal Code, which provides, "An exception to an offense in this code is so labeled by the phrase: 'It is an exception to the application of . . . . '" Tex. Penal Code § 2.02(a). The *Baumgart* court held that "[i]n saying that an exception is 'labeled' with a particular phrase, and in placing that particular phrase in quotation marks, the legislature has decreed that an exception exists *only* when that exact phrase is used." *Baumgart*, 512 S.W.3d at 344 (emphasis added). In all other instances, when a statute may create exceptions to an offense but not use the exact wording outlined in Penal Code section 2.02(a), then it is a defensive matter.[5] *Id.* The State

---

[4] The legislature amended section 601.052 in the most recent legislative session. *See* Act of May 24, 2019, 86th R.S., ch. 1233, § 39, 2019 Tex. Sess. Law Serv. (amending Tex. Transp. Code § 601.052(a)).

[5] *Baumgart* expressly held that Penal Code section 2.02(a)'s labeling requirement applies to statutes found both within and outside of the Penal Code. *See Baumgart*, 512 S.W.3d at 347-48.

need not negate defenses in the charging instrument. *Id.* Nor does the State carry the initial burden of disproving a defense at trial. *See Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003); *Arias*, 477 S.W.3d at 928.

So the question is whether Transportation Code section 601.052's "exceptions" are truly exceptions to the offense of failing to maintain financial responsibility or whether, instead, they constitute defensive matters? Section 601.052 begins, "Section 601.051 does not apply to . . . " Tex. Transp. Code § 601.052(a). The statute does not contain the operative language from Penal Code section 2.02—"It is an exception to the application of . . . . "—and *Baumgart* instructs that, in the absence of these "magic words," we must conclude that section 601.052(a) allows merely for potential defenses to the offense of failing of maintain financial responsibility. *See Baumgart*, 512 S.W.3d at 343-44. Thus, the State was not required to negate the applicability of any part of Transportation Code section 601.052(a) in the charging instrument. *See id.* at 344. Further, because the provisions in section 601.052(a) are defensive matters, it was appellant's initial burden to raise any applicable defense at trial. *See Arias*, 477 S.W.3d at 928. Nothing in the record establishes that appellant did so.[6] Accordingly, the burden never shifted to the State to negate any defensive matter in Transportation Code section 601.052.

For these reasons, we overrule appellant's first and second issues.

---

[6] Appellant's attorney questioned the police officer whether he was familiar with, or asked for, any other type of document that would also comply with the financial responsibility requirement, to which the officer answered in the negative. *See* Tex. Transp. Code § 601.051 (listing the means by which a person may establish financial responsibility for a motor vehicle). Appellant's cross-examination raised only the possibility of compliance under section 601.051 and not any defensive issue under Transportation Code section 601.052.

## B.     Jury instruction

In his third issue, appellant argues that the municipal court erred in failing to instruct the jury on the "exceptions" listed in Transportation Code section 601.052.[7]  As explained above, section 601.052 presents only defensive matters, not statutory exceptions to the offense of failing to maintain financial responsibility.  A defendant is entitled to a jury instruction on a defensive issue only if there is some evidence from any source that, if believed by the jury, would support a rational finding that the defense is true.  *Shaw v. State*, 243 S.W.3d 647, 657-58 (Tex. Crim. App. 2007).  As already stated, there is no evidence in this record raising a defensive issue under section 601.052, and thus the municipal court did not err in failing to instruct the jury on any of the defenses listed in section 601.052.

We overrule appellant's third issue.

### Conclusion

Having overruled appellant's three issues, we affirm the county criminal court at law's judgment and appellant's conviction.


/s/     Kevin Jewell
Justice


Panel consists of Justices Jewell, Bourliot, and Zimmerer.

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[7] Appellant made a timely request for a jury instruction on the issue, which the judge denied.