# NO. 12-21-00038-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *VINCENTE MOLINA, SR.,* *APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
## *PER CURIAM*

Vincente Molina, Sr. filed an application for writ of habeas corpus seeking release because of delay under Article 17.151 of the Texas Code of Criminal Procedure. He requested a hearing on the application and an order for personal bond. On January 29, 2021, the trial court denied the application. Appellant filed a notice of appeal.

In a criminal case, the appellant perfects an appeal by timely filing a sufficient notice of appeal. TEX. R. APP. P. 25.2(b). The notice of appeal must be filed (1) within thirty days after the day sentence is imposed or suspended in open court or after the day the trial court enters an appealable order, or (2) within ninety days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a). The appellate court may extend the time for filing a notice of appeal if, within fifteen days after the deadline for filing the notice, the party files in the trial court the notice of appeal and files in the appellate court a motion complying with Rule 10.5(b). TEX. R. APP. P. 26.3.

Because the trial court's order was entered January 29, Appellant's notice of appeal was due on or before March 1. *See* TEX. R. APP. P. 26.2(a)(1). Appellant filed his notice of appeal on March 8 and did not file a motion for extension of time.

On March 11, this Court notified Appellant that the information received failed to show the jurisdiction of the Court, i.e., there was no notice of appeal filed within the time allowed by

the rules of appellate procedure and no timely motion for an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.2(a), 26.3. We informed Appellant that the appeal would be dismissed unless the information was amended on or before March 22 to show this Court's jurisdiction. Appellant still did not file a motion for extension of time. But in response to the March 11 notice, Appellant states that he filed a motion for new trial on February 16, which extended the time for filing a notice of appeal and made the March 8 notice of appeal timely. We disagree.

Rule 26.2, which governs the time to perfect an appeal in criminal cases, "contemplates two events that can start the appellate clock running." *Smith v. State*, 559 S.W.3d 527, 531 (Tex. Crim. App. 2018). First is the imposition or suspension of sentence in open court, which sets in motion the appellate timetable for an appeal of a conviction and sentence. *Id*. Second is the entry of an appealable order, which sets in motion the appellate timetable for the appeal of a specific, appealable order, such as the denial of Appellant's habeas application. *See id*. Texas Rule of Appellate Procedure 21 governs new trials in criminal cases and Rule 21.4 provides that a defendant may file a motion for new trial no later than thirty days after the date the trial court *imposes or suspends sentence in open court*. *See* TEX. R. APP. P. 21.4(a). Use of the phrase "imposes or suspends" in the appellate rules, such as Rule 21.4, "indicates an application to an appeal of a conviction and sentence, not to a separate appealable order." *Smith*, 559 S.W.3d at 534. "[A]ppeals from convictions, and appeals from orders, are two different things." *Id*.

Consistent with Rule 21.4's limitation of motions for new trial to appeals from a conviction and sentence, Rule 26.2(a)(2) uses the phrase "imposed or suspended." Thus, Rule 26.2(a)(2)'s plain language indicates that it applies only to an appeal from a conviction and sentence. *See id*.; *see also Swain v. State,* 319 S.W.3d 878, 880 (Tex. App.—Fort Worth 2010, no pet.) (plain reading of Rule 26.2(a)(2) reveals that timely-filed motion for new trial can only extend deadline for filing appeal from imposition or suspension of sentence; it cannot extend deadline for filing appeal from mere appealable order). As previously stated, the present case involves an appeal from an order. Accordingly, Appellant was required to file his notice of appeal within thirty days from entry of the order denying his application for writ of habeas corpus and his motion for new trial did not extend the time for filing his notice of appeal. Appellant untimely filed his notice of appeal and filed no motion for extension of time, even after given the opportunity to do so by this Court.

"[I]n Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." ***State ex rel. Lykos v. Fine***, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). This Court is not authorized to extend the time for perfecting an appeal except as provided by the Texas Rules of Appellate Procedure.[1] *See* TEX. R. APP. P. 26.2, 26.3; *see also* ***Slaton v. State***, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); ***Olivo v. State***, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If a notice of appeal is filed within the fifteen-day period, but no timely motion for extension of time is filed, the appellate court lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for lack of jurisdiction. ***Olivo***, 918 S.W.2d at 522-23.

Because Appellant's notice of appeal was not timely filed and he did not file a motion for extension with this Court within the time prescribed by Rule 26.3, we ***dismiss*** Appellant's appeal for ***want of jurisdiction***.[2] *See id.* at 522*; see also* TEX. R. APP. P. 43.2(f).

Opinion delivered March 31, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] Only the court of criminal appeals has jurisdiction to grant an out-of-time appeal. *See* ***Ater v. Eighth Court of Appeals***, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also* ***Kossie v. State***, No. 01-16-00738-CR, 2017 WL 631842, at *1-2 (Tex. App.—Houston [1st Dist.] Feb. 16, 2017, no pet. h.) (mem. op., not designated for publication) (dismissing for lack of jurisdiction because appellant could not pursue out of time appeal without permission from court of criminal appeals); *see* TEX. CODE CRIM. PROC. ANN. art 11.07 § 3(a) (West 2005).

[2] Unlike the Texas Supreme Court, the Texas Court of Criminal Appeals has not held that an extension is implied when a notice of appeal is filed within fifteen days after the filing deadline. ***Lair v. State***, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (citing ***Few v. State***, 230 S.W.3d 184, 189–90 (Tex. Crim. App. 2007), ***Bayless v. State***, 91 S.W.3d 801 (Tex. Crim. App. 2002), ***Verburgt v. Dorner***, 959 S.W.2d 615, 617 (Tex. 1997)).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 31, 2021**

**NO. 12-21-00038-CR**

**VINCENTE MOLINA, SR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. 2021-0002)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*